PINEAPPLE ORANGE COMPANY, a Corporation, *Appellant*, vs. TRAVELERS INSURANCE COMPANY, a Corporation, et al., *Appellees*.

140 So. 471.

Division A.

Opinion filed March 30, 1932.

*Hampton & Greene*, for Appellant;

*Hilburn, Merryday & Dowda*, for Appellees.

BUFORD, C.—In this case an amended bill of complaint was filed on August 12, 1922. Paragraph 3 of the bill was amended December 13, 1922, after a supplemental amendment had been filed November 18.

There was at the time of the institution of this suit, or soon thereafter, another suit pending between some, if not all, of the same parties and an agreement was made orally between the defendant Charles W. White and counsel for complainant in the court below that White should not be required to file an answer in this case until such time as that other case should be finally disposed of. After the other case was disposed of White on June 11th, 1924, filed an answer setting up claim of equitable title and praying for affirmative relief.

The original bill of complaint with its amendments, sought a decree establishing fee simple title to certain lands in the complainant therein and as against the defendant Charles W. White.

The answer of Charles W. White was prepared by him-

self, a layman, and was not framed with that degree of certainty, precision and definiteness which should be observed in the preparation of such a pleading. It is unnecessarily voluminous but, after all, it alleges facts which, if proven to be true, are sufficient to show that the complainant held the land in trust for Charles W. White subject to complainant's lien, should it be found that it has expended more money than has been received by it from the increment of the property which should have been credited to White against the advances made by the complainant for his benefit and the answer prays for an accounting to be taken and that the complainant be required to convey the legal title to the land to White upon the payment by White to the complainant of any sum that may be found to be due from White to the complainant.

There was no replication or other pleading filed touching the answer of White until September 14th, 1929, when the complainant filed petition to be allowed to dismiss the bill. The motion to dismiss was denied, as was also the motion of White for decree pro confesso on his answer praying affirmative relief. Complainant then filed supplemental bill alleging facts not necessary to be discussed here to which White filed answer and thereupon demurrer was filed to White's answer. Thereafter the Court made an order overruling the demurrer and again denying the motion of complainant to dismiss the bill and also denying the motion of White for decree pro confesso.

The complainant brought White into court claiming to hold title in fee simple and as against White. White's answer denied those allegations of the bill and as heretofore stated alleged facts sufficient to warrant the prayer that a decree be entered against the complainants in favor of White holding the property to be held in

trust by the complainant for White and requiring the conveyance of the legal title to White upon the discharge of his obligation, if any remained, to the complainant. The defendant White was entitled to have an adjudication of the allegations of his answer and a decree in his behalf if the allegations of his answer were sustained by the proof and, therefore, it was not error for the court to deny the motion to dismiss the suit.

The demurrer to White's answer to the supplemental bill was properly overruled.

When this matter was presented here the question was raised by this Court as to whether or not White's answer should have been considered by the court below because of the long delay between the filing of the amended bill of complaint and the filing of the answer. It appears, however, that this delay occurred by reason of an agreement and understanding had verbally between White and counsel for the complainant and that the chancellor gave force and effect to that agreement and in effect ratified the same by his orders. While the rules require all stipulations and agreements between counsel or parties to a suit, the purpose of which is to vary the practice from that prescribed by the rules of court, to be in writing, it is competent for the Circuit Court to recognize and approve such agreements when made orally, especially if no question as to the existence of the agreement is raised by either party.

For the reason stated, the orders appealed from should be affirmed and the cause remanded for further proceedings in accordance with the law and rules of practice. It is so ordered.

Affirmed and remanded.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.