PEARSON, TILLMAN, Judge.
The plaintiff, Nell Mills Cooke, who is appellant here, filed her complaint for divorce charging the defendant, Melvin Ott Cooke, with extreme cruelty and prayed for an accounting of the property which the parties had accumulated during the course of the marriage. The final decree finds that the equities are with the plaintiff and grants her a decree of divorce. With this portion of the final decree the appellant has no quarrel..
The first point presented by the appellant challenges the correctness of that portion of the decree which determined the equity in the properties which had been accumulated. We have reviewed the record in the light of the assignments of error and the argument in the brief and we find that the appellant has not demonstrated that the property provisions of the final decree are against the manifest weight of the evidence before the chancellor.
The second point urges that the court committed error in that it did not order an accounting by the husband of income received by him during the time from the filing of the suit to the day of the final decree from property which was in the plaintiff’s name and from property in which plaintiff was subsequently found to have a special equity. There is substantial evidence that the parties had jointly enjoyed the income from all of the accumulated property and that certain of the payments made by the husband to the wife during the pendency of the cause were properly construed by the chancellor to be in lieu of her claim for a strict accounting of income received from assets in her own name and in which she had a special equity. We therefore decline to reverse the decree because of the chancellor’s failure to require a strict accounting.
It is with the third point presented by the appellant-wife that we are primarily concerned. The point is as follows:
*162 “Whether or not a property settlement agreement made by the parties and their counsel in open court and dictated into the record at final hearing is enforceable”. The record reveals that at the final hearing, after the plaintiff proved her grounds for divorce, the parties dictated into the record certain terms and conditions of a property settlement agreement. The attorney for the wife announced that the agreement had been arrived at immediately prior to the taking of testimony.[1]
When the parties were unable to come forward with a written agreement the trial court heard further testimony upon their respective claims as to property matters and entered the decree appealed.
The appellant urges that Rule 1.5(d), Florida Rules of Civil Procedure, 30 F.S.A.,[2] requires the chancellor to recognize the terms of a parole property settlement which are dictated into the record.
It is unnecessary to determine whether the appellant is correct upon the general proposition, because the procedure in this case would not come within it. The trial judge qualified his acceptance of the proposed stipulation by his requirement that it be particularized and reduced to writing. Such a requirement surely cannot be held to be an abuse of discretion, in view of Mrs. Cooke’s indefiniteness as tó her understanding of the matter and the very sketchy nature of the proposed agreement. Cf. Pine *163 apple Orange Co. v. Travelers’ Ins. Co., 104 Fla. 600, 140 So. 471.
Affirmed.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. The proceedings referred to were as follows:
“Mr. Faber: Now, if the Court please, I would like to, with Mr. Kelley’s approval, dictate into the record the substance of the property settlement agreement which we have arrived at. I will identify the properties involved, their locations, which I think both Mr. Kelley and I understand, rather than going into legal descriptions.
# i'fi * * #
“Mrs. Cooke, does that embrace all of the terms and conditions of the settlement upon which you have agreed?
“Mrs. Cooke: I really couldn’t tell you now.
“Mr. Faber: These are the things that we—
“Mrs. Cooke: I really wasn’t listening. Do I have to say yes and depend on you?
“Mr. Faber: The agreement which Mr. Kelley and your husband and I reached in the Judge’s anteroom prior to this hearing was satisfactory to you at the time that we arrived at those terms and conditions ?
“Mrs. Cooke: Yes.
“Mr. Faber: And it was done with full knowledge of all of the assets that you and your husband own?
“Mrs. Cooke: Yes.
“Mr. Faber: And you are doing this of your own free will and accord?
“Mrs. Cooke: Yes.
“Mr. Kelley: Mrs. Cooke will agree to execute any papers or releases necessary to clear the title in any property or business enterprises remaining in the name of Mr. Cooke, including swampland or any other property.
“Mr. Faber: Including any other properties not mentioned, Mrs. Cooke, will agree to disclaim any interest.
“The Court: I will note the stipulation between you gentlemen and will indicate at this stage, on submission to me on a proper form, I tvill enter a proper decree of divorce, having determined at this hearing and previous hearings that I have jurisdiction over the subject matter and parties to this suit. [Emphasis added.]
“As to the final decree, I will determine at the hearing at this stage, and the pleadings in the file that the equities herein are with the plaintiff.
“I will grant the final decree of divorce to her, dissolving this marriage as of the date that I reduce the same to writing.
“That means, Mrs. Cooke, that you actually remain married until the attorneys submit the decree to me and put all the matters that you have stipulated here in the record in writing. I suggest that you move expeditiously to do that.” [Emphasis added.]

. “Stipulations. No private agreement or consent between parties or their attorneys in respect to the proceedings in a cause shall be of any force before the court, unless the evidence thereof shall • bo in writing, subscribed by the party or his attorney, against whom it is alleged; provided, however, that parole agreements may be made before the court, if promptly made a part of the record, or incorporated in the stenographic notes of the proceedings.”