108 So.2d 632 (1959)
Marjorie B. SIMPSON, Florida National Bank of Jacksonville, as Guardian of Clay Otto Simpson, a minor, and Clay Otto Simpson, Appellants,
v.
Clifford L. SIMPSON, as Executor of the Estate of M. Clay Simpson, deceased, substituted in the place of M. Clay Simpson, Appellee.
No. 400.
District Court of Appeal of Florida. Second District.
February 4, 1959.
*633 Carey & Harrison, St. Petersburg, for appellants.
Thomas V. Kiernan, St. Petersburg, for appellee.
KANNER, Chief Judge.
The question presented to the court through this appeal is whether the obligation for payment of a monthly allowance for support of a minor child through a separation agreement incorporated in a final decree of divorce survives the death of the promisor-father.
Marjorie B. Simpson and M. Clay Simpson were divorced in 1949, and the mother was awarded custody of their two minor children. Incorporated in the final decree was a separation agreement under which the husband was to pay support money for each child. This agreement provided, in part:
"Whereas, first party desires to arrange for the support and maintenance of second party and their two children,"
* * * * * *
"First party agrees to pay to second party, beginning with the date of any such divorce decree which may be entered, the sum of $125.00 per month for each of the children * * *"
"It Is Further Understood and Agreed that the payments of $125.00 per month hereinabove specified for each of the named children shall continue until each child respectively shall have reached the age of eighteen years."
The payments were made promptly by the father for his daughter, the elder child, until she became eighteen years of age and for Clay Otto Simpson, the younger child, until the father's death.
On May 7, 1957, M. Clay Simpson died. The executor for his estate declined to make the payments of support money for Clay Otto Simpson, who was fourteen years and ten months of age at the time of his father's death. The guardian of the person and property of Clay Otto Simpson duly filed a claim in the probate court for all of the monthly payments in arrears. The executor filed objections upon the ground that it was not a valid claim against the estate of the minor's father. Thereupon, the guardian filed petition for an order to direct the executor to pay out of the estate of the deceased father all of the monthly payments which had accrued since the father's death. The chancellor denied the petition on the premise that the obligation for the support of the minor son terminated upon the father's death; and this appeal ensued.
Predicated on the common law is the rule that a father is under no legal responsibility to provide for the support of his minor children subsequent to his death. Florida has, by divided court, aligned herself with other jurisdictions which have subscribed to the principle, in cases where *634 no agreement is involved, that upon the death of a father who has been ordered to make payments for the support of a child, the order terminates as to payments which would have accrued subsequent to his death. See Guinta v. LoRe, 1947, 159 Fla. 448, 31 So.2d 704; and Flagler v. Flagler, Fla. 1957, 94 So.2d 592. Although Florida has not directly established a controlling precedent with reference to the particular problem under scrutiny, cases resolved by other jurisdictions have resulted in the holding that an agreement incorporated in a decree of divorce, and also in instances not so incorporated, remains in force and effect after the father's death, and the liability devolves upon his estate until the specified age or time limitation has run.
Thus, in the case of Silberman v. Brown, Ohio Com.Pl. 1946, 72 N.E.2d 267, the court held that a separation agreement embodied in a divorce decree, giving custody of the three minor children to the wife and providing that support payments would be made until each had reached "the age of 18" years, created a contractual obligation to make payments after the father's death. The court concluded, in the case of Smith v. Funk, 1930, 141 Okla. 188, 284 P. 638, that a separation agreement and property settlement made a part of a decree of divorce providing support money for each child "during minority" constituted a valid claim against decedent's estate for child support due after the husband's death. Again, a separation agreement, not involved in a divorce proceeding, between a husband and wife providing for child support allowance to be paid by the father until such time as the child should become "self-supporting" was held to be binding upon the father's estate after his death until the specified limitation had run. Huffman v. Huffman, 1933, 311 Pa. 123, 166 A. 570, reversing 106 Pa.Super. 241, 161 A. 444. See also Ramsay v. Sims, 1952, 209 Ga. 228, 71 S.E.2d 639; Taylor v. George, 1949, 34 Cal.2d 552, 212 P.2d 505; Stone v. Bayley, 1913, 75 Wash. 184, 134 P. 820, 48 L.R.A.,N.S., 429; Annotation, 18 A.L.R.2d, pp. 1131-1135; 17 Am.Jur., Divorce and Separation, section 865, pp. 52-53; and 27 C.J.S. Divorce § 323 c, p. 1252.
The Florida case of Johnson v. Every, Fla. 1957, 93 So.2d 390, related to a property settlement agreement and divorce decree under which the court had provided that weekly payments to the wife were to be terminated only by her death or her remarriage. The court held that the husband's obligation for the payments did not terminate with his death, but that his estate was liable for them until the death or remarriage of the wife.
Surely, if the estate of a husband is after his death held liable, under an agreement incorporated in a divorce decree, for alimony payments to a divorced wife for the rest of her life or until she is remarried, then the father's obligation to his minor child for a restricted period through an agreement approved in a divorce decree should transcend or at least equal an alimony claim wherein only the divorced wife is involved. The courts are ever solicitous of the welfare of the child. The need of a child for food and shelter and other exigencies of life does not end with the death of the father. Since a father by contract can create a continuing debt in favor of strangers which would constitute a claim against his estate, then why could he not similarly create such a continuing debt in favor of his children? This court cannot conclude that it is consonant with justice and reason that a properly covenanted obligation on the part of the father to assume responsibility for support payments for his child through a given period of time should be held invalid at his death.
It is clear from the language of the agreement incorporated in the final decree that the father unqualifiedly evinced the intention to provide support money for his children until they had reached the age *635 of eighteen years. This intention reached partial fruition in completion of the payments to the elder child, his daughter, upon her attainment of the age of eighteen years. These payments were made promptly and regularly, as were the payments to the younger child, his son, until they were interrupted by the death of the obligor-father.
This court is impelled to the opinion that the agreement provision for the child's support embodied in the final decree of divorce remained vital and effective so as to survive the death of the father as a contractual liability against his estate. The decree of the chancellor is, therefore, reversed and the cause is remanded for further appropriate proceedings in conformity with this opinion.
Reversed.
ALLEN and SHANNON, JJ., concur.