124 So.2d 495 (1960)
Doris Courington STEFFAN, as next friend and Tiese Dianne Courington, a minor, and for the use and benefit of said Tiese Dianne Courington, Appellants,
v.
Max S. ZERNES, trading and doing business as the Floridan Hotel, Appellee.
No. C-123.
District Court of Appeal of Florida. First District.
November 22, 1960.
*496 P. Donald DeHoff, Jacksonville, for appellants.
Howell, Kirby, Montgomery & Sands, Jacksonville, for appellee.
*497 WIGGINTON, Chief Judge.
Plaintiff, a minor suing by her next friend, appeals from a final judgment dismissing her complaint with prejudice. The sole question for our determination is whether the complaint states a cause of action.
By her complaint plaintiff alleges that in 1951 her mother and father were divorced. The complaint in that suit filed by her mother alleged that during the period of her separation from her husband, he had paid to her the sum of $100 each month for plaintiff's support and maintenance. The husband's answer contained an averment stating his willingness to continue paying that amount for his child's support. By the final decree entered in that cause it was ordered that the father pay to the mother the sum of $100 each month for plaintiff's support, which payments were to continue until plaintiff married, reached the age of twenty-one years or became self-supporting. Copies of the pleadings filed in the divorce action, and the final decree entered therein, are attached as exhibits to the complaint in this case. The father complied with the requirements of the decree with respect to the payment of support for plaintiff, and was regularly making the required payments at the time of his death.
It is further alleged that the divorced father, while a guest in defendant's hotel became suddenly ill, and when discovered by defendant's employee was in convulsions suffering from a lack of oxygen and in dire need of medical and hospital attention. Upon being notified of this condition defendant summoned the assistance of a doctor who after a cursory examination stated to defendant that the father was in dire need of hospital attention and medication. It is alleged that since the father was in a helpless condition, defendant voluntarily undertook to secure the necessary medication and also to immediately transfer plaintiff to a hospital for medical care and attention. It is alleged that defendant wilfully, carelessly or negligently failed to discharge the responsibilities so undertaken by him and failed for over a period of twenty-four hours to have the father transported to a hospital, as a result of which the father died. It is alleged that because of the wilful, careless or negligent failure of defendant to discharge the responsibilities voluntarily undertaken by him, the father's agreement or contract for continued support and maintenance of plaintiff was invaded, and plaintiff's rights which arose out of the family relationship had been destroyed or defeated. Damages for the alleged wrong were prayed.
Plaintiff insists that her complaint sufficiently alleges a cause of action in tort under the legal theory of interference with contract relations. She premises her position upon the contention that the averment contained in the answer filed by her father in the divorce proceedings stating his willingness to pay the sum of $100 a month for her maintenance and support, followed by the provision in the final decree requiring that such payments be made, constituted a contract for her benefit. As precedent for this position, plaintiff cites the Simpson case.[1] It was there held that a father's covenant to pay a stated sum each month for the support of his minor children as contained in a separation agreement between the mother and father and incorporated in a final decree of divorce constituted a contract for the benefit of the minor children and was enforceable against the father's estate after his death. With this rule of law we are in complete agreement. It must be pointed out, however, that in the case we now review, it affirmatively appears that no separation agreement was entered into between the mother and father for the benefit of the minor plaintiff. In this respect the case now under consideration is clearly distinguishable from Simpson. Although we entertain grave doubt as to whether under the facts in this case *498 there existed a contract by the father to make monthly support payments for plaintiff's benefit, it is not necessary to resolve that question. Even should we concede for the sake of discussion that such a contract existed, plaintiff would have no cause of action against defendant for interfering with plaintiff's contractual rights under the allegations of this complaint. The gravamen of this type action is the malicious interference with a contract between other persons whereby one contracting party is induced to breach the contract to the injury of the other. When the act of the person inducing the breach of contract is intentional, malice will be inferred.[2] The complaint in this case is devoid of any allegations from which it could be inferred that defendant knew of any contract that may have existed between the deceased father and his divorced wife for the benefit of his minor daughter, nor that he had any intention whatever of interfering with that contract in such manner as to induce a breach thereof by the decedent. Defendant's alleged wrongful act in failing to provide decedent with prompt and necessary medical care and attention resulting in decedent's death would not constitute such an inducement.
Our analysis of the complaint filed by plaintiff in this cause clearly reveals that her cause of action, if any she has, arose as a result of defendant's act of omission in failing to discharge the responsibilities voluntarily undertaken by him to promptly furnish necessary medication and transport decedent to a hospital for medical care and attention. At common law no right of action was maintainable to recover damages for the death of a person occasioned by the wrongful act of another.[3] Such right exists in this state solely by virtue of statute.[4] However, the right to maintain a suit under the statute is expressly limited to (1) the surviving spouse; (2) if there be no surviving spouse, then the minor child or children of the decedent; (3) where there is neither surviving spouse nor minor children, then by any person or persons dependent on decedent for support; and (4) where there is neither the above classes of persons to sue, then the action may be maintained by the executor or administrator of the decedent.[5] Except only where the surviving spouse is the plaintiff, the complaint in an action for wrongful death must allege the non-existence of any other person who under the statute would be a preferred plaintiff. The existence or non-existence of anyone having the precedent right of action enters into the very substance of the right of action itself when instituted by anyone other than surviving spouse.[6]
The complaint in this case brought by the minor child fails to allege that decedent was not survived by a widow at the time of his death or at the time the action was commenced. Although given permission by the trial court to do so, plaintiff did not amend the complaint so as to allege this necessary fact. The allegations of the complaint having failed to show plaintiff's entitlement to bring this action under the death by wrongful act statute, the trial court was eminently correct in finding as he did that the complaint fails to state a cause of action.
For the foregoing reasons the judgment appealed is affirmed.
STURGIS and CARROLL, DONALD, JJ., concur.
NOTES
[1] Simpson v. Simpson, Fla.App. 1959, 108 So.2d 632.
[2] Dade Enterprises, Inc. v. Wometco Theatres, Inc., 119 Fla. 70, 160 So. 209; 30 Am.Jur., Interference, § 42.
[3] 9 Fla.Jur. 476.
[4] F.S. § 768.01, F.S.A.
[5] F.S. § 768.02, F.S.A.
[6] Love et al. v. Hannah et al., Fla. 1954, 72 So.2d 39.