131 So.2d 509 (1961)
Dorothy REINHARDT, as mother and natural guardian of Regina Louise Reinhardt, a minor, Appellant,
v.
Merle B. REINHARDT, as Executrix of the Estate of William F. Reinhardt, Deceased, substituted in the place of William F. Reinhardt, Deceased, Appellee.
No. 60-524.
District Court of Appeal of Florida. Third District.
June 22, 1961.
Rehearing Denied July 19, 1961.
*510 Henry R. Carr and William B. Seidel, Miami, for appellant.
Ross, Reinhardt & Preddy, Miami, for appellee.
Before PEARSON, TILLMAN, Acting C.J., and CARROLL, CHAS., J., and CHRISTIE, FRANCIS, J., Associate Judge.
PEARSON, TILLMAN, Acting Chief Judge.
Dorothy Reinhardt, as mother and natural guardian of Regina Louise Reinhardt, a minor, appeals a final order dismissing her petition for order directing executrix to pay support for minor child from decedent's estate. This petition was filed in a chancery cause wherein Dorothy Reinhardt had been granted a final decree of divorce from William F. Reinhardt, now deceased. Upon the filing of the petition Merle B. Reinhardt, as executrix of the estate of William F. Reinhardt, deceased, was substituted in the place of William F. Reinhardt, deceased.
The final decree of divorce between Dorothy Reinhardt and William F. Reinhardt was entered on October 30, 1952. This final decree contained the following paragraph:
"(5) That the stipulation and property settlement agreement duly executed by the parties and admitted in evidence as Plaintiff's Exhibit A, is approved, ratified and confirmed by the Court and each of the parties is hereby required to perform and abide by each and every the provisions of said stipulation, and a copy of said stipulation is attached to this final decree and made a part hereof as though set forth herein in haec verba, and the Court retains jurisdiction of this cause for the purpose of requiring the performance of all the terms and provisions set forth in said stipulation."
Attached to this final decree was a stipulation entered into by the aforementioned litigants, the pertinent part of which stipulation reads as follows:

*511 "(C) The parties further agree that in the event final decree of divorce is entered herein, it shall provide, in addition to the foregoing provisions, for the following payments to be made to plaintiff by way of alimony and for the support and maintenance of herself and the aforesaid Regina Louise Reinhardt, which payments shall be paid by the defendant commencing one month after the date of entry of any such final decree of divorce and shall continue thereafter until the death of either the plaintiff or the defendant or the remarriage of the plaintiff, whichever event shall first occur; the defendant shall pay to the plaintiff for the uses and purposes hereinabove expressed the monthly sum of Two Hundred Fifty ($250.00) Dollars, which sum shall be paid to the plaintiff at her place of abode or at such other place as she may designate in writing to the defendant from time to time; provided, however, that if said Dorothy J. Reinhardt shall remarry, then and in that event, it is stipulated and agreed that in lieu of said $250.00 a month, said William F. Reinhardt shall pay in the manner provided as aforesaid not less than the sum of One Hundred Twenty-five ($125.00) a month for the care, support and maintenance of Regina Louise Reinhardt until her marriage or until she attains her majority."
On November 9, 1959, William F. Reinhardt died testate in Dade County, Florida. His last will and testament, under date August 31, 1959, contained a provision reading as follows:
"I make no provision for my adopted daughter Regina Louise Reinhardt for the reason that I deem that adequate provision has already been made for her in the property settlement agreement executed between my former wife, Dorothy J. Reinhardt, and me."
Thereafter the appellant filed a claim in the county judge's court and petitioned the court for support and maintenance for the minor child from the father's estate, and other relief. The portion of appellant's petition praying for maintenance and support of the minor child was dismissed by the county judge, without prejudice, for the reason that the relief sought was subject to the jurisdiction of the circuit court, inasmuch as it involved the construction of the separation agreement incorporated in the final decree of divorce.
As a result of this dismissal the appellant then filed in the circuit court a complaint entitled a "petition for an order directing the executrix to pay support for minor child from the decedent's estate." This complaint, in turn, was dismissed upon the ground that "the petition hereinabove described sets forth matters which preclude the granting of the relief sought." In the motion seeking the order of dismissal the appellee-executrix expressly waived all defenses of form and proceeded directly to the controlling question of the right of the minor child to support from the estate of the father. It is the order of dismissal which is the subject of this appeal.
Both the appellant and appellee agree that there is only one point involved, and although this point is stated somewhat differently in each brief, each argues the question of whether the obligation for payment of a monthly allowance for support and maintenance of a minor child undertaken by the deceased and approved by the final decree of divorce entered between himself and his wife, and subsequently recognized in his last will and testament, survives the father. We think it may be conceded, without disparaging the judicial process, that it is the inclination of the courts to interpret the language of contracts about the support of children in accordance with the best interests of the child or children concerned. This loadstone would, in this case, attract us to a holding that the father intended to continue to support his child during her minority. It remains to *512 be discovered if such an interpretation is within the bounds of the plain language of the contract to be construed.
Certain statements of the law are admitted by both appellant and appellee and therefore are unnecessary of discussion in this opinion. A testator who possessed a sound mind at the time of the execution of his will, has a right to disinherit his children or others who have a claim to his bounty. Flagler v. Flagler, Fla. 1957, 94 So.2d 592, 594; Hamilton v. Morgan, 93 Fla. 311, 112 So. 80; In re Bailey's Estate, Fla.App. 1960, 122 So.2d 243, 247. At common law, unlike the civil law, a father is under no legal responsibility to provide for his minor children after his death, and in the absence of a contract, the duty to support a minor child does not survive the death of a parent. Guinta v. Lo Re, 159 Fla. 448, 31 So.2d 704; Flagler v. Flagler, supra; Gessler v. Gessler, 5 Cir., 273 F.2d 302. It is significant that in the Guinta case, supra, two justices dissented and in the Flagler case, supra, three justices dissented. In each case an extremely persuasive dissenting opinion was written. If this were a case in which it was necessary to decide whether the obligation to support a dependent child can be enforced against the estate of a deceased parent, where there is a surviving parent,[1] we would be inclined to the views expressed by the dissenting opinions, in order to give our Supreme Court an opportunity to review.
There is no doubt that under a proper agreement expressing the intentions of the deceased parent support may be continued after the death of the father. Simpson v. Simpson, Fla.App. 1959, 108 So.2d 632; cf. Steffan v. Zernes, Fla.App. 1960, 124 So.2d 495, 497. In the case before us the agreement providing for support for the child reads as follows:
"* * * provided, however, that if Dorothy J. Reinhardt shall remarry, then and in that event, it is stipulated and agreed that in lieu of said Two Hundred Fifty ($250.00) Dollars a month, said William F. Reinhardt shall pay in the manner provided as aforesaid not less than the sum of One Hundred Twenty Five ($125.00) Dollars a month for the care, support and maintenance of Regina Louise Reinhardt until her marriage or until she obtains her majority."
If the only provision in the agreement relative to support of the minor were that beginning "said William F. Reinhardt shall pay" there is no doubt that under the reasoning set forth in Simpson v. Simpson, supra, the payment of $125 a month to the daughter would be a charge upon the estate of the deceased. Appellee urges that this provision can never come into effect because a condition precedent to its effectiveness is a requirement that "Dorothy J. Reinhardt shall remarry". However, it is apparent that if such had been the case the chancellor in the divorce proceedings would never have approved the agreement and made its terms a part of a final decree for the purpose of discharging the husband's duty to support the child.
It is urged that the parties intended the remarriage of the mother as a condition precedent to the continuance of support of the minor because the portion just quoted is preceded by a provision for support of the minor which was included in a monthly payment to the wife. But it can also be argued that the reading of the two provisions together makes it appear that the intention of the parties was that the child should be supported until her majority and that the payments of alimony to the mother should be terminated upon her remarriage. We hold this is the effect of the agreement and that view is fortified by the *513 interpretation which the father himself placed upon his obligation as announced in his last will and testament. The testamentary provision, above quoted, points out that the father believed that the agreement which the court had approved provided for the support of his minor child until her majority. It is well recognized that the interpretation given by the parties to a contract is often the best indication of their intention at the time that the contract was entered into. Lalow v. Codomo, Fla. 1958, 101 So.2d 390, 393; Holmes v. Stearns Lumber & Export Co., 66 Fla. 259, 63 So. 449, 452.
If the father had intended that his daughter should receive nothing after his death, it was unnecessary for him to provide, in the agreement, that the daughter would receive $125 after the plaintiff had remarried, when the agreement stated a few lines above that the payments of alimony and support as a single sum should cease upon the death of either the plaintiff of the defendant or upon the remarriage of the plaintiff.
To interpret the agreement above quoted to provide that upon the death of the father all payments, both of alimony and child support, should cease would carry with it the provision that child support would cease upon the death of the mother; so that if the mother had died first, his child would have no claim for support. No rule is better established than that a reasonable interpretation will be preferred to one which is unreasonable. See cases cited at 7 Fla.Jur., Contracts § 84.
Accordingly, the decree dismissing the complaint of the mother as natural guardian for the minor child is reversed and the cause remanded for proceedings construing the contract of the parties in accordance with the views expressed in this opinion.
Reversed and remanded.
CARROLL, CHAS., J., dissents.
NOTES
[1] For statutory provision in cases where child is without a legally responsible surviving natural or adoptive parent and is without adequate means, see section 733.20(1) (j), Fla. Stat., F.S.A.