246 So.2d 581 (1971)
Alfred COHEN and Ewald Ziffer, As Co-Executors of the Estate of Arthur Cohen, Deceased, Appellants,
v.
Jeffrey B. COHEN and Lawrence Cohen, Minors, by and through Their Mother and Next Friend, Joan C. Bergman, and Joan C. Bergman, Individually, Appellees.
No. 70-773.
District Court of Appeal of Florida, Third District.
March 30, 1971.
Rehearing Denied April 30, 1971.
McCarthy, Steel, Hector & Davis, and Norman A. Coll, Miami, for appellants.
Snyder, Young & Stern and Michael H. Oritt, No. Miami, for appellees.
Before PEARSON, C.J., and BARKDULL and SWANN, JJ.
SWANN, Judge.
Arthur Cohen and his wife Joan executed a voluntary property settlement agreement in 1964. It provided that Arthur would pay Joan $40 a week for each of their two minor children, and "the tuition for normal Hebrew School training for each of the boys and in addition would pay the normal and usual expenses entailed in the Bar Mitzvah" so long as the Bar Mitzvah did not exceed a certain sum per child. The agreement was made a part of their final decree of divorce. Later, Joan married and Arthur thereafter passed away. Arthur was current in child support payments at the time of his death but his estate made no payments for a period of time. Joan [Bergman] filed a claim against the estate for child support and for certain expenses *582 for normal Hebrew School training. The claim was partially objected to by the co-executors of the estate and Joan filed suit against the estate to enforce these claims.
She sought a determination and judgment for the dollar amount payable from the estate for the support of the minor sons and for tuition for normal Hebrew School training. Defendants do not challenge the validity of the property settlement agreement or that these obligations are binding on the estate. See Reinhardt v. Reinhardt, Fla.App. 1961, 131 So.2d 509; and Simpson v. Simpson, Fla.App. 1959, 108 So.2d 632. They argue that the support payments made by the Social Security Administration for the support of the two minor children from the date of Arthur's death constitute a partial discharge of his obligation to pay $40 a week as support for each of the minor children and that the normal Hebrew School training mentioned in the property settlement agreement ceased upon the Bar Mitzvah of Jeffrey and Lawrence, their minor sons.
After discovery both parties filed motions for summary judgment. The trial court rendered a final summary judgment which held that Joan was entitled to her claim for child support payments; which did not allow any off-set or credit to the estate for payments made by the Social Security Administration on behalf of the children, and which held for the estate on Joan's claim against it for expenses for Hebrew School training for the children beyond the Bar Mitzvah. The executors of the estate have appealed and assign as error the failure of the trial court to rule that the Social Security payments made to Arthur's two minor children after his death constitute a partial discharge of the payments required of him under the divorce decree and property settlement agreement. Joan has cross-assigned as error the denial of her claim for certain additional costs and expenses relating to Hebrew School training for the two minor children.
The estate submits that the decisions of Cash v. Cash, 234 Ark. 603, 353 S.W.2d 348 (1962), and Horton v. Horton, 219 Ga. 177, 132 S.E.2d 200 (1963) require a ruling, as a matter of law, that social security benefits should be considered as a proper deduction or credit on the child support obligations of the estate. The estate also cites Fowler v. Fowler, 156 Conn. 569, 244 A.2d 375 (1968), but admits that the Fowler case is distinguishable on its facts and that it is not controlling.
The estate argues by way of analogy that a number of courts have ruled that payments made by the Federal Government to dependent children during a father's active military service should be credited against court ordered support payments. See Hinton v. Hinton, 211 Ark. 159, 199 S.W.2d 591 (1947).
We have considered Cash and Horton, supra, and find that they are distinguishable on two points. The first point is that in both cases a credit was granted for social security payments because of a substantial change in the economic earning power of the living father. Here, there is no argument advanced concerning a substantial change in the economic situation or that the estate was in such economic difficulties that it could not pay, or would suffer if it did pay, the child support payments voluntarily agreed to between the parties.
The second is that they do not involve a voluntary property settlement agreement executed by a husband and father in which he freely and voluntarily agreed to pay $40 a week as child support for each of his two minor children.
All men are presumed to know the law. See 31A C.J.S. Evidence § 132(1). The Social Security Act and the existence of social security death benefits are widely and commonly known to the general public. These benefits were, or should have been, known to Arthur at the time he executed the property settlement agreement in 1964 *583 and at the time that the agreement was incorporated into his final decree of divorce on February 22, 1965. In the event that Arthur desired to receive a credit against his voluntary child support payments for any death benefits which the Social Security Administration might pay to his minor children, it was incumbent upon him to have made a provision for such credit or partial discharge in the property settlement agreement. The estate is bound by the specific, clear and unambiguous terms of the property settlement agreement and divorce decree. The agreement does not provide for any credit or set-off for social security benefits which might be paid to the minor children upon Arthur's death. We, therefore, find no error in the ruling that the estate was not entitled to a partial credit or discharge for death benefit payments made to the minor children of Arthur Cohen by the Social Security Administration.
Turning to the cross assignment argued by Joan, we note that the record reflects that Jeffrey Cohen received his Bar Mitzvah on November 18, 1967. Arthur passed away on April 26, 1969. Jeffrey and Lawrence both attended pre-confirmation and confirmation classes at their Temple after they received Bar Mitzvah. Joan never made any claim against Arthur for any expenses for Jeffrey B. Cohen between the time of his Bar Mitzvah on November 18, 1967 and the death of Arthur on April 26, 1969. After Arthur's death she filed a claim in his estate seeking a sum certain for normal Hebrew School training for Jeffrey and for Lawrence. It would appear there was no ambiguity or doubt on the construction of this language by Joan until after the death of Arthur. She apparently construed the words as though they were clear and that they meant the tuition for the normal Hebrew School training for these two minor children would cease with their Bar Mitzvah.
Under these circumstances, we find no error in the action of the trial court in rendering the summary final judgment.
The summary final judgment herein appealed is, therefore,
Affirmed.