PER CURIAM.
Appellants, plaintiffs below, appeal from an order .denying revocation of probate of the will of their father Cleophas LaRose. They had contended that the testator lacked testamentary capacity and was subjected to undue influence by the beneficiary with whom he had lived as man and wife for nineteen years.
The case was tried by County Judge George T. Clark, who died subsequent to hearing all the evidence but before a decision was made. The case was then submitted on the record to Judge Arthur W. Primm who denied revocation.
The evidence was conflicting, but Judge Primm found that there was creditable evidence of testamentary capacity and further found that there was insufficient evidence of the exercise of undue influence upon the decedent.
We have examined the record and conclude that there was substantial, competent evidence to establish that the testator did have testamentary capacity and was not under undue influence at the time of the execution of the will.
“The burden of overthrowing a will on the ground of lack of testamentary capacity is a heavy one and must be sustained by a preponderance of the evidence.” In re Kiggins Estate, Fla.1953, 67 So.2d 915.
“The right of a parent to disinherit his children seems to be firmly rooted in our law.” Flagler v. Flagler, Fla.1957, 94 So.2d 592.
Also see Marston v. Churchill, Fla.1939, 137 Fla. 154, 187 So. 762.
Affirmed.