404 So.2d 200 (1981)
Ana S. ALVAREZ, Appellant,
v.
Oscar F. ALVAREZ, Appellee.
No. 81-8.
District Court of Appeal of Florida, Second District.
October 7, 1981.
*201 Ralph M. Guito, Jr., Tampa, for appellant.
Ted R. Manry, III, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
BOARDMAN, Judge.
Ana S. Alvarez (the wife) appeals portions of the final judgment of dissolution of her marriage to Oscar F. Alvarez (the husband). We affirm in part and reverse in part.
Following the filing of the wife's petition for dissolution, the parties agreed to a property settlement. This agreement was not reduced to writing, but was presented to the trial court by the husband's counsel in the presence of both parties and the wife's counsel.
As to the personal property,[1] the agreement, as stated by the husband's counsel and uncontradicted by the wife's counsel, was that the wife was to receive "all of the household furniture, furnishings, and equipment contained in the dwelling house on that property... ." However, the proposed final judgment which the husband's counsel subsequently submitted to the trial court included a provision that the husband was to receive the stereo and stereo equipment contained in a swimming pool cabana adjacent to the marital home, but on the same *202 property. The wife objected, correctly noting that there had been no mention of the stereo during the presentation and discussion of the property settlement before the trial court and adding that she had never agreed to the husband's receiving the stereo. Subsequent to the hearing, the trial court decided this issue in favor of the husband, awarding him the stereo, for reasons which are not clear in the record. This appeal followed timely.
There are two possible bases for the trial court's disposition of the stereo, both of which in our view are, however, erroneous. The first, upon which the husband relies, is that the reason this issue was not considered in the verbal settlement agreement was that the building containing the stereo was separate from, but adjoining, the dwelling house itself. This argument is without merit. Among the definitions of the term "dwelling house" contained in Black's Law Dictionary, 596 (4th Ed. 1968) is "the apartment or building, or group of buildings, occupied by a family as a place of residence." The definition is expanded upon as follows: "`Dwelling house' is a very flexible term. Its meaning depends not only on context, but on the determination of the courts not to permit public policy or justice to be defeated by a word. `Dwelling house' often means any building within the curtilage." Id.
The second possible basis for the trial court's ruling may have been a misconception that the stereo had in fact been mentioned in the agreement. In fact, only the husband's stereo record collection had been agreed upon. The stereo itself was brought up for the first time in the husband's proposed final judgment. We tend to agree with the wife that the fact that the husband's record collection was specifically provided for in the agreement renders it highly unlikely that the failure to include the stereo was an unintended oversight. It appears from the record to be an afterthought by the husband. We would also point out that although the stereo is worth at least one thousand dollars, the husband's income is substantial, and he is better able to purchase another should he be so inclined than is the wife, who has a limited income. Since the husband did not raise and resolve this matter before agreeing to a property settlement, we think that, in fairness, he should not be permitted to vary the agreement at this late date.
The other point raised by appellant wife is without merit.
Accordingly, the portion of the final judgment of dissolution awarding the husband the stereo and stereo equipment is stricken. The judgment is affirmed in all other respects.
AFFIRMED in part and REVERSED in part.
HOBSON, Acting C.J., and OTT, J., concur.
NOTES
[1] Only the distribution of personal, not real, property is in issue on this appeal.