449 So.2d 428 (1984)
Elizabeth GLAESER, Appellant,
v.
David H. GLAESER, Appellee.
No. 83-1077.
District Court of Appeal of Florida, Second District.
May 9, 1984.
*429 Sara W. Rahdert of Gulfcoast Legal Services, Inc., St. Petersburg, for appellant.
Peter H. Dubbeld of Riden, Watson & Goldstein, P.A., St. Petersburg, for appellee.
LEHAN, Judge.
The former wife appeals from the trial court's order which allowed social security disability payments to her, by reason of the former husband's disability, to be set off against the former husband's past due alimony obligations and which denied her motion for contempt. We affirm the trial court's order finding no contempt but reverse the order to the extent it permitted the husband to unilaterally set off those social security payments against his alimony obligations.
When the parties' marriage of twenty-two years was dissolved, the trial court incorporated into the final judgment the parties' settlement agreement. That agreement required the husband to pay the wife $147.00 every two weeks for support and maintenance until the wife's death or remarriage. The husband complied with those terms for approximately eleven years. However, in mid-1981, the husband unilaterally reduced the alimony payments by the amounts he thought the wife was receiving from social security by reason of his disability. The wife filed a motion for contempt, alleging a $5,920.65 arrearage, which had increased to $6,551.65 by the date of the contempt hearing.
The parties present several issues on appeal, two of which merit discussion. First, whether the trial court correctly denied the wife's motion for contempt. Second, whether the trial court correctly allowed the husband to set off the social security disability payments to the wife on his account against his alimony obligation.
The trial court did not abuse its discretion by refusing to hold the husband in contempt. See Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977); English v. English, 117 So.2d 559 (Fla. 3d DCA), cert. denied, 122 So.2d 407 (Fla. 1960). In English, the Third District Court of Appeal said:
One method, in fact the most usual remedy for enforcement of a decree for alimony, in event of default, is by a contempt proceeding. But proof of unpaid arrears of alimony will not entitle an applicant, as a matter of right, to an order of commitment of a person for contempt, as such an application is addressed to the discretion of the court. A respondent to a rule to show cause will be adjudged in *430 contempt when the court determines that the arrearage in alimony is the result of a willful failure to comply with the order for its payment.
English, 117 So.2d at 561. See also Orr v. Orr, 141 Fla. 112, 192 So. 466 (1939).
However, we conclude that the trial court erred in allowing the husband to unilaterally use the amount of those social security disability payments as a set-off against his past due alimony. A "set-off against alimony payments is generally frowned upon." Chappell v. Chappell, 253 So.2d 281, 283 (Fla. 4th DCA 1971). A party shall not be permitted to set off against an alimony obligation amounts paid by that party "in the absence of compelling equitable criteria and considerations to the contrary." Id. at 287. We find no compelling considerations requiring a set off in this case.
Chappell disallowed a husband's attempt to set off against his alimony obligation monies paid by him on a joint and several income tax liability. Cohen v. Cohen, 246 So.2d 581 (Fla. 3d DCA 1971), held that a deceased father's estate could not set off against past due child support payments social security death benefits paid to a child. Cohen reasoned that if a set-off of social security benefits had been intended, provision therefor should have been made in the settlement agreement which required child support. Similarly, in the case before us, if the intentions of the parties had been to permit a set-off for social security payments, the settlement agreement should have so provided. See Craver v. Craver, 649 S.W.2d 440 (Mo. 1983) (refusing to permit, as a matter of law, a set-off of social security payments to the wife drawn on the husband's account against support payments owed by the husband).
We are cognizant of the husband's argument that the wife waived her right to full alimony by not objecting to the reduced payments for approximately fifteen months. See Stephenson v. Stephenson, 52 So.2d 684 (Fla. 1951) (recognizing waiver by acquiescence as a possible defense to an action for past due alimony but finding no waiver under the facts presented). But waiver is the intentional relinquishment of a known right. The facts of this case do not establish an intentional relinquishment of the wife's right to alimony. The evidence shows no more than a delay in the wife's efforts to obtain full alimony by reason of her sympathy for the husband on account of his recent operation and ill health. The wife's delay in filing the motion for contempt did not constitute laches. The husband did not establish any injury or prejudice caused by the delay. See Phillips v. Adams, 339 So.2d 665 (Fla. 4th DCA 1976).
No issue is before us as to whether future alimony obligations should be modified. No motion for modification was filed by the husband.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
GRIMES, A.C.J., and SCHEB, J., concur.