■ BONNIE BERRETTA, Respondent, v GUY V. BERRETTA, Appellant. [608 NYS2d 34] —Order insofar as appealed from unanimously reversed on the law without costs and cross motion denied in accordance with the following Memorandum: The parties entered into a separation agreement dated November 21, 1986. Pursuant to that agreement, defendant

agreed to indemnify and hold plaintiff harmless for any of his debts for which plaintiff might be held liable. Defendant further agreed to and did execute a quitclaim deed to plaintiff transferring his interest in the marital residence to plaintiff. Pursuant to the terms of the agreement, however, the deed was to be filed simultaneously with the filing of the judgment of divorce. On March 16, 1989, prior to the filing of the quitclaim deed, American Express entered a judgment against defendant in the amount of $30,827. Defendant's debts were discharged in bankruptcy on June 26, 1989 and plaintiff was listed on the schedule of unsecured creditors as a disputed, contingent creditor, for an unliquidated amount. Thereafter, the parties modified their separation agreement regarding defendant's child support obligations. The modification agreement further stated that "all other items and conditions of said separation agreement that have not been deleted or modified herein shall remain in full force and effect".

Supreme Court erred in directing defendant to indemnify, hold plaintiff harmless from, and pay in full the lien on the former marital residence that is held by American Express in the "event that the lien is enforced". Defendant's contingent debt to plaintiff was discharged in bankruptcy (see, 11 USC § 524 [a] [2]; § 727 [b]; cf., Matter of Neier v Neier, 45 Bankr 740). Defendant did not reaffirm that contingent debt to plaintiff by the terms of the modification agreement. It is well established that "[t]he modification of a contract results in the establishment of a new agreement between the parties that pro tanto supplants the affected provisions of the original agreement while leaving the balance of it intact" (Beacon Term. Corp. v Chemprene, Inc, 75 AD2d 350, 354, lv denied 51 NY2d 706; see also, Cortesi v R & D Constr. Corp., 137 AD2d 901, mod on other grounds 73 NY2d 836). Thus, here, "the terms of the old contract which were not modified remained viable" (Cortesi v R & D Constr. Corp., supra, at 902). (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.— Modify Divorce Decree.) Present—Callahan, J. P., Pine, Fallon, Doerr and Davis, JJ.