654 So.2d 1064 (1995)
Marcial GARCIA, etc., et al., Appellants,
v.
Haydee C. GONZALEZ, etc., et al., Appellees.
No. 94-833.
District Court of Appeal of Florida, Third District.
May 24, 1995.
Sheldon R. Rosenthal, Miami, for appellants.
Stanley Jay Bartel, Rudolph Browd, Miami, for appellees.
Before JORGENSON, COPE and GODERICH, JJ.
PER CURIAM.
This is an appeal and cross-appeal from a final judgment determining the child support obligations owed by the estate of Marcial Garcia. We affirm.
In July 1988 a final judgment of paternity was entered finding that Garcia was the father of a girl born in November 1983 to Haydee Gonzalez. In an agreement incorporated into that final judgment, the father pledged to pay $850 a month in child support. After Garcia died in 1991, Gonzalez made a claim for child support arrearage in the amount of $8,800 and asked that the estate continue to pay child support until her daughter reaches majority.
*1065 The estate argued that all future child support obligations were terminated with Garcia's death. Further, the estate claimed there was no arrearage because the father had voluntarily made housing payments each month in addition to the child support payments.
The trial court ruled Garcia's estate was required to pay $850 a month in child support until his daughter reached majority and did not owe an arrearage because of the housing payments. We find that the trial court was correct in ordering the estate to continue making child support payments and in allowing a setoff of the housing payments against the arrearage.
The obligation of a father to support a child normally terminates upon the death of the father. Flagler v. Flagler, 94 So.2d 592, 594 (Fla. 1957); Guinta v. Lo Re, 159 Fla. 448, 31 So.2d 704 (1947); Reinhardt v. Reinhardt, 131 So.2d 509, 512 (Fla. 3d DCA 1961), cert. discharged, 139 So.2d 697 (Fla. 1962); Simpson v. Simpson, 108 So.2d 632 (Fla. 2d DCA 1959). However, this common law rule can be abrogated by an express agreement. "There is no doubt that under a proper agreement expressing the intentions of the deceased parent support may be continued after the death of the father." Reinhardt, 131 So.2d at 512 (citing Simpson, 108 So.2d 632). The appellee argues, and the lower court found, that the 1988 final judgment of paternity manifests Garcia's intent to continue child support payments after his death and until his daughter reaches her majority.
The 1988 paternity agreement provides that "[t]he Respondent is able and shall pay $850 per month for the support of the minor child(ren), commencing July 1, 1988 to the Petitioner directly." The Simpson court construed a similar provision in a separation agreement that was incorporated into a final divorce decree. Simpson, 108 So.2d at 633. The court found that an agreement to pay $125 a month until "each child respectively shall have reached the age of eighteen years" survived the father's death. Id. at 635. "This court cannot conclude that it is consonant with justice and reason that a properly covenanted obligation on the part of the father to assume responsibility for support payments for his child through a given period of time should be held invalid at his death." Id. at 634. Similarly, in this case the express agreement in the paternity action survives the death of the father and Garcia's estate is obligated to pay child support until the child reaches her majority.[1]Id.; see also Cohen v. Cohen, 246 So.2d 581 (Fla. 3d DCA), writ discharged, 255 So.2d 524 (Fla. 1971); Reinhardt, 131 So.2d at 512 (following and approving Simpson). Garcia's manifest intent, as embodied in the 1988 paternity agreement, is clear.
The trial court also was correct in allowing a setoff of the housing payments against the arrearage. Normally, payments made by a father voluntarily and not pursuant to a court order are not credited against child support arrearage. Goldman v. Goldman, 529 So.2d 1260, 1261 (Fla. 3d DCA 1988) (citing Wooten v. Wooten, 510 So.2d 1033, 1036 (Fla. 2d DCA 1987)). The exception is when compelling equitable circumstances justify a setoff. Id. In Goldman, the court allowed a setoff for the gratuitous payment of a daughter's room and board at college where the father was obligated to make tuition payments. The court found that "the father's payment for room and board for several semesters indicates a substantial compliance with the spirit and intent of the order of support." Id. Here, the *1066 father paid $600 a month in housing expenses while sometimes not paying the full $850 a month in child support. Yet providing housing is an aspect of support, and thus Garcia was in substantial compliance with the support order so as to allow a setoff for the housing payments. Id.; see also Montante v. Montante, 627 So.2d 554, 556 (Fla. 4th DCA 1993) ("private school tuition, prescriptions, and health insurance are necessities that may be considered an element of support").
Affirmed.
JORGENSON and GODERICH, JJ., concur.
COPE, Judge (concurring in part and dissenting in part).
I must respectfully dissent from that part of the opinion which imposes on the estate the obligation to pay future child support. The Florida Supreme court has held, in factually indistinguishable circumstances, that where a court entered a decree for child support and the payor father thereafter died, "the obligation of the father to support the minor child terminated upon the death of the father." Flagler v. Flagler, 94 So.2d 592, 594 (Fla. 1957); accord Guinta v. Lo Re, 159 Fla. 448, 31 So.2d 704, 705 (1947). Under the authority of those cases, we are obliged to hold in this case that the obligation to pay child support terminated at the death of the decedent father.
It is certainly true that "under a proper agreement expressing the intentions of the deceased parent support may be continued after the death of the father." Reinhardt v. Reinhardt, 131 So.2d 509, 512 (Fla. 3d DCA 1961) (citations omitted), cert. dismissed, 139 So.2d 697 (Fla. 1962). In Reinhardt the decedent father had agreed to make child support payments for the daughter "until her marriage or until she obtains her majority." Id. at 512. In Simpson v. Simpson, 108 So.2d 632 (Fla. 2d DCA 1959), there was an agreement to make child support payments "until each child respectively shall have reached the age of eighteen years." Id. at 633.
Here, by contrast, the order simply states that "[t]he Respondent [father] is able and shall pay $850.00 per month for the support of the minor child, commencing July 1, 1988 to the Petitioner [mother] directly." Conspicuously missing is any provision that the payments will continue until the child reaches the age of majority. As there is no material distinction between the decree now before us and those involved in Flagler and Guinta, we are obliged to reverse on this point. It may be that this area of the law should be revisited, but that is not our prerogative.[*]
I concur with the majority on the disposition of the remaining points on appeal.
NOTES
[1] The dissent argues that the father's estate is not obligated to continue making support payments because the agreement to pay $850 per month did not specify that those payments were to continue until the child reached the age of majority. Although the dissent correctly points out that the agreements in Reinhardt and Simpson specifically provided that the child support payments were to continue until the child's majority, the linchpin of those decisions was the independent agreement to pay, not the agreement to pay for a time certain. The father agreed on the record to pay the monthly support; that agreement was the foundation of the final judgment of paternity. Furthermore, because the agreement arose in the context of a paternity action, the duration of the father's duty to pay, by operation of law, is the child's minority. §§ 742.031, 61.30, 61.13, Fla. Stat. (1993). What the child may, or may not, inherit through the laws of intestacy is not relevant here.
[*] Although under existing law the estate is not obliged to pay future child support, the child in this case will inherit from the decedent father through the law of intestacy. We are told that the estate assets are substantial, and that the child is one of two claimants.