668 So.2d 290 (1996)
Linda J. DOWIE, Appellant/Cross-Appellee,
v.
Jon W. DOWIE, Appellee/Cross-Appellant.
No. 95-2180.
District Court of Appeal of Florida, First District.
February 20, 1996.
*291 Jeffrey A. Conner and Lyman T. Fletcher, Jacksonville, for Appellant/Cross-Appellee.
Edward P. Jackson and Demere Mason, Jacksonville, for Appellee/Cross-Appellant.
ERVIN, Judge.
Linda Dowie appeals a final order granting her former husband's motion to enforce the final judgment of dissolution, which made her responsible for certain debts previously discharged in bankruptcy and the costs of transferring a business license to certain software. The former husband, Jon Dowie, cross-appeals those portions of the court's order requiring him to pay child support until his daughter graduated from high school and failing to award him prejudgment interest on the joint debts he paid. We reverse on the bankruptcy issue and affirm as to the remaining issues.
During the pendency of the dissolution proceedings, the parties conducted a marital settlement conference at which they agreed upon a partial settlement which was recited to a court reporter. Among other things, the wife agreed to transfer certain software to her husband and to pay off certain joint credit card debts, and the husband agreed to pay child support until their daughter graduated from high school. Thereafter, the parties executed a pre-trial stipulation addressing additional matters and confirming that the settlement agreement constituted a full settlement of all issues except the amount of child support, apportionment of military retirement benefits and back payments of certain real property.
Nearly a year thereafter, the wife filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code, asking that her debts be discharged, listing her debts and naming her husband as a creditor. On August 31, 1992, the bankruptcy court released the wife "from all dischargeable debts." The final judgment of dissolution, entered on October 2, 1992, directed the parties to comply with the marital settlement agreement and pretrial stipulation, but did not refer to the discharge of the wife's debts.
In the subsequent order entered on the former husband's motion to enforce the final judgment of dissolution, the trial court concluded that the pretrial agreements were not binding upon the parties or the court, and that the former wife's obligations for the indebtedness instead arose from the final judgment; accordingly, they were post-petition debts that were unaffected by the prior discharge in bankruptcy. The court ordered the former wife to pay $10,039.83 to the former husband, which was the amount of the debts he had since satisfied. The court determined that the former wife was also obligated to pay the licensing fee associated with transferring certain software to the former husband. Finally, the court concluded that the former husband was responsible for child support until the daughter's graduation, notwithstanding that she had married during the interim.
As to the first issue raised by the former wife, we conclude that the lower court *292 erred in deciding that her debts had not been fully discharged by the court in bankruptcy. A marital settlement agreement as to alimony or property rights which is entered before the dissolution of marriage is binding upon the parties. Rhoden v. Rhoden, 538 So.2d 1274 (Fla. 1st DCA 1988); Dorson v. Dorson, 393 So.2d 632 (Fla. 4th DCA 1981). Moreover, an oral agreement reached by the parties and announced to the trial court is a fully enforceable settlement agreement. Roskind v. Roskind, 552 So.2d 1155 (Fla. 3d DCA 1989); Alvarez v. Alvarez, 404 So.2d 200 (Fla. 2d DCA 1981). It is clear from the language in the agreements at bar, and from the parties' motions to enforce the agreements that were filed before the trial court entered the final judgment of dissolution, that the parties considered these agreements valid and binding without court approval. Therefore, the enumerated joint debts became the wife's debts before she filed for bankruptcy.
The wife's petition for bankruptcy, filed after the execution of the agreements but before the entry of the final judgment of dissolution, listed the credit card debts and the husband as a creditor. Consequently, once the bankruptcy court released the wife from all dischargeable debts on August 31, 1992, she was relieved from the obligation to pay the credit card debts which she had previously assumed in the marital settlement agreement. The subsequently entered final judgment incorporating the marital settlement agreement and pretrial stipulation could not serve to revive the debts discharged in the bankruptcy proceeding. Berretta v. Berretta, 201 A.D.2d 886, 608 N.Y.S.2d 34 (1994).
As to the former wife's remaining issue, the court reasonably determined that by agreeing to transfer certain business software to the husband, she became obligated to pay the costs associated with the transfer, including the cost of transferring the license, without which the husband could not use the software.
In regard to the former husband's cross-appeal, we observe that a parent may agree to a child-support obligation that exceeds the duty imposed by law. See Garcia v. Gonzalez, 654 So.2d 1064 (Fla. 3d DCA 1995). Therefore, the trial court properly enforced that portion of the parties' agreement wherein the husband agreed to support their daughter until she graduated from high school, despite the fact that she married prior to graduation. The former husband could have sought a reduction in child support based upon a substantial change in circumstances upon his daughter's marriage before graduation under section 61.14(1), Florida Statutes (1993), but he failed to do so. Rather, he erroneously contended that his daughter's marriage automatically terminated his support obligation. Moreover, reduction in child support would be permitted under section 61.14(1) only if it were shown that it would be in the best interests of the child, which the former husband neither pleaded nor proved. Tietig v. Boggs, 602 So.2d 1250 (Fla.1992); Bernstein v. Bernstein, 498 So.2d 1270 (Fla. 4th DCA 1986).
Because we reverse on the former wife's first issue, we do not reach the former husband's issue regarding prejudgment interest.
AFFIRMED IN PART, REVERSED IN PART and REMANDED with directions to the court to strike that portion of its order directing the former wife to reimburse the former husband $10,039.83 for their joint debts.
MINER and WEBSTER, JJ., concur.