NORTHCUTT, Judge.
In this post-dissolution action, Sandra De-moraes challenges the circuit court’s refusal to increase her alimony and to enforce a provision in the final judgment of dissolution that required the former husband to transfer to her an apartment in Brazil. We affirm the denial of her motion to modify alimony without discussion. We reverse the circuit court’s ruling on the motion to enforce the transfer of the apartment.
The parties’ marriage was dissolved in September 1986. The pertinent portion of the final judgment ordered:
(7) That the husband shall convey to wife, all right, title and interest he may have in and to the condominium and contents of same which is located in Brazil described as:
Apartment number 1306 at Rua Vis-conde de Caravelo, 98, Botafogo, Rio de Janeiro, Brazil.
The husband never conveyed his interest. In its order rejecting the wife’s effort to enforce this provision, the circuit court noted that the husband “has always been ready, willing and able to sign whatever documents were needed to effectuate the transfer....” and it opined that the husband was not at fault. The court further found that the wife “did nothing much to effectuate the transfer....” We do not question the circuit court’s findings, but we note that the wife had no duty at all concerning the transfer; under the final judgment, it was the husband’s obligation to convey the apartment to her. What the wife did or did not do is irrelevant.
Another reason the court denied the wife’s motion was that the evidence showed the present cost to transfer the title was greater than it would have been in 1986. Moreover, the procedure required to accomplish the transfer appeared to be more complicated now than it would have been at the time of the parties’ divorce.
The husband’s obligation to convey the property included the obligation to pay the costs of the transfer. See Dowie v. Dowie, 668 So.2d 290, 292 (Fla. 1st DCA 1996) (holding that agreement to transfer property in a pending dissolution included obligation to pay costs of transfer). The husband could have initiated the transfer in 1986 when the costs were smaller and the procedure less complex, but, for whatever reason, he did not. He cannot now use these reasons to avoid his court-ordered duty. We reverse the circuit court’s order to the extent that it denied the wife’s motion to enforce the provision of the final judgment requiring the husband to transfer his interest in the apartment to her.
We realize, however, that it now may be impossible for the husband to convey his interest to the wife. Evidence at the hearing on the wife’s motion indicated that the apartment was in foreclosure. On remand, we direct the circuit court to determine the present state of the title. If the husband still has an interest in the property, we instruct the court to enter an order requiring him to effectuate the transfer to the wife within a reasonable time. Alternatively, if he is unable to transfer any interest to the wife, we instruct the court to take additional evidence on the value of his interest in the apartment as of the date the marriage was dissolved. The court shall enter judgment for the wife in that amount, plus interest from the date of the final judgment of dissolution of marriage.
Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
BLUE, A.C.J., and CASANÜEVA, J., concur.