STONE, C.J.
We reverse in part and affirm in part an order on modification of child support.
We find no error as to the court’s requirement that the parties share equally in any orthodontic expenses of the children not covered by insurance, in its determination of gross income for the father and the mother, in the retroactive imposition of child support, in its consideration of the equitable factors set forth in the child support guidelines in establishing the father’s child support obligation, and in its disposition of the father’s petition for modification. However, we reverse as to the court’s failure to recognize certain stipulations and concessions made and accepted by the parties.
The record reflects that the parties stipulated during the hearing that the mother would not schedule medical and orthodontic appointments for the children during the father’s visitation periods except when absolutely necessary and that the father’s separate three week visitation periods during the children’s summer break would be combined into one six week period. The court did not apply the first stipulation and, apparently inadvertently, entered a contrary provision. The court also disregarded the second stipulation and did not alter the visitation schedule as agreed. The mother concedes that she made these stipulations and that the court erred by ignoring them in its order. See Armstrong v. Armstrong, 623 So.2d 1216 (Fla. 4th DCA 1993); Dowie v. Dowie, 668 So.2d 290 (Fla. 1st DCA 1996); Johnson v. Johnson, 663 So.2d 663 (Fla. 2d DCA 1995). On remand, the trial court should correct the first stipulation and add the second.
 The court also should not have in-eluded health insurance or child care expenses in its calculation of support. The *397 mother did not plead for a change in the parties’ previous agreement regarding these expenses. At the hearing, the mother stated that she did not have any objection to each party continuing to bear their own costs of health insurance and child care. Therefore, the trial court went beyond the scope of the matters litigated by the parties by modifying their earlier agreement to this effect. Further, the mother concedes that the court erred by deducting her family plan insurance premiums from her income while at the same time requiring the father to reimburse for those premiums under section 61.30(8), Florida Statutes.
On remand, the court should recalculate her income without including a deduction for her insurance premiums and shall provide that each party shall bear their own health insurance and child care costs.
In all other respects, we affirm.
KLEIN, J. and OWEN, WILLIAM C., Jr., Senior Judge, concur.