649 So.2d 284 (1995)
Gail Marvel GRAVES, Appellant,
v.
John P. GRAVES, Jr., Appellee.
No. 94-01492.
District Court of Appeal of Florida, Second District.
January 18, 1995.
*285 Steven T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellant.
Jack McGill of the Law Offices of R. Jackson McGill, P.A., Sarasota, for appellee.
FULMER, Judge.
The wife appeals an order which amended the final judgment of dissolution to incorporate and enforce an agreement reached by the parties during mediation. We reverse the judgment because the agreement was not enforceable.
During the pendency of the dissolution action, the husband and wife and their attorneys participated in a mediation conference. The parties reached an oral agreement during the conference which was recited before a court reporter. At the end of the conference, the wife expressed displeasure with the agreement and with her attorney. Subsequently, the husband's attorney prepared a written settlement agreement incorporating the terms recited at the mediation conference. The wife refused to sign the agreement.
The husband then filed a motion to enforce the agreement, attaching a transcript of the oral agreement recited at the mediation conference. The trial court decided, over the wife's objections, that the mediation agreement was valid and enforceable. On appeal the wife contends that she had a right to withdraw from the agreement because it never became binding in accordance with the requirements of Florida Rule of Civil Procedure 1.740.[1]
Rule 1.740 governs mediation in family law matters and specifically provides that if agreement is reached on any matter during the mediation, the agreement shall be reduced to writing, signed by the parties and their counsel, and filed with the court. The *286 rule further provides that the agreement becomes binding upon filing, or upon court approval in those cases where court approval is necessary. In the case before us, the agreement never became binding prior to the time the husband filed his motion to enforce.
The husband's argument that the agreement was reduced to writing and filed with the court by virtue of his filing the transcript of the oral agreement with his motion to enforce is without merit. Unlike rule 1.730,[2] which does provide for the filing of a transcript by stipulation of the parties, rule 1.740 contains no such provision. Further, rule 1.740(a) expressly provides that it controls over conflicting provisions in the other mediation rules, including rule 1.730. Therefore, we hold that the only method by which parties may enter into an enforceable agreement as a result of family mediation is to follow the procedures set forth in rule 1.740. We further hold that the parties may not avoid the requirements of this rule by orally agreeing to an alternative procedure during the mediation conference.
Since the agreement orally announced at the mediation conference was not reduced to writing, signed by the parties and their counsel and filed with the court in accordance with the requirements of rule 1.740, the court erred in finding that there was an enforceable agreement.
We reverse the order dated April 4, 1994, which amended the final judgment, and remand for further proceedings in accordance with this opinion.
CAMPBELL, A.C.J., and PARKER, J., concur.
NOTES
[1] Rule 1.740 provides in relevant part as follows:

(a) Applicability. This rule applies to the mediation of family matters and issues only and controls over conflicting provisions in rules 1.710, 1.720 and 1.730. For purposes of this rule, "family matters and issues" means issues in marriage dissolution and post-dissolution proceedings and in domestic proceedings between unmarried parents, unless excepted from mediation by statute or rule.
... .
(f) Report on Agreement
(1) If agreement is reached as to any matter or issue, including legal or factual issues to be determined by the court, the agreement shall be reduced to writing, signed by the parties and their counsel, if any and if present, and submitted to the court. If counsel for any party is not present when the agreement is reached and does not sign the agreement or object in writing to the agreement within 10 days after receipt, the agreement is presumed to be approved by counsel and shall be filed with the court by the mediator. An objection shall be served on the mediator, the parties, and counsel.
(2) After the agreement is filed, the court shall take action as required by law. When court approval is not necessary, the agreement shall become binding upon filing. When court approval is necessary, the agreement shall become binding upon approval. In either event, the agreement shall be made part of the final judgment or order in the case.
[2] The relevant portion of Florida Rule of Civil Procedure 1.730 is as follows:

(b) Agreement. If an agreement is reached, it shall be reduced to writing and signed by the parties and their counsel, if any. The agreement shall be filed when required by law or with the parties' consent. If the agreement is not filed, a joint notice of dismissal shall be filed. By stipulation of the parties, the agreement may be electronically or stenographically recorded. In such event, the transcript may be filed with the court (emphasis added).