393 So.2d 632 (1981)
Jack DORSON and Mary Dorson, His Wife, Appellants,
v.
Gertrude DORSON, Sam Miller et al., Appellees.
No. 78-2391.
District Court of Appeal of Florida, Fourth District.
February 11, 1981.
Larry Klein and Brennan, McAliley, Hayskar & McAliley, West Palm Beach, for appellants.
Charles A. Nugent, Jr., of Cone, Owen, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for appellees.
PER CURIAM.
This appeal challenges an order distributing monies held in trust pursuant to a settlement agreement. We affirm.
The seeds of today's controversy were sown in 1972 when appellants/plaintiffs filed an action for partition. In an effort to resolve the matter the parties entered into a settlement and trust agreement, two provisions of which are relevant to this appeal. The first called for an independent accounting of monies received and expended from May, 1955 to January, 1974. This provision was subsequently altered when the parties agreed to change the commencement date from May, 1955 to January, 1958. The second relevant provision required the accountant to furnish a copy of the accounting to each of the parties and, in turn, required the parties to file "... an objection to any item of expense allowed, any items of reimbursement credited or any computation of the amount due by any particular party."
In accord with the agreement, the accountant rendered reports on October 4, 1973, February 22, 1974, and finally, on April 28, 1978. Each report listed a bottom line figure of monies owed to appellant Jack Dorson. The record reflects that upon completion of the accounting, each of the parties was properly notified and that no party filed an objection.
Appellee Gertrude Dorson filed a motion to compel disbursement in accord with the accountant's computations. Appellants, *633 Jack and Mary Dorson, objected, contending that Jack Dorson had expended $27,750 in 1956, and thus, they claimed, they were entitled to the full amount specified in the accountant's report plus $27,750. The trial court disagreed, holding that under the terms of the settlement agreement appellant was obligated to file a timely objection to the accountant's report, and his failure to do so constituted a waiver. We agree.
It is fundamental that "[a] stipulation properly entered into and relating to a matter upon which it is appropriate to stipulate is binding upon the parties and upon the Court." Gunn Plumbing Inc. v. Dania Bank, 252 So.2d 1, 4 (Fla. 1971). This is especially true of settlement agreements which are highly favored in the law. Pearson v. Ecological Science Corp., 522 F.2d 171, rehearing denied, 525 F.2d 1407 (5th Cir.1975), cert. denied, 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762 (1976). See also 10 Fla.Jur.2d Compromise, Accord and Release § 9. Also applicable to settlement agreements is the rule that they are to be interpreted by the same principles governing the interpretation of contracts. Florida Education Association, Inc. v. Atkinson, 481 F.2d 662 (5th Cir.1973).
Turning to the general principles of contract interpretation, we note the basic rule that "the intention of the parties to a contract will be ascertained from a consideration of the whole agreement." Torcise v. Perez, 319 So.2d 41, 42 (Fla.3d DCA 1975). Secondly, "[a] contract will be construed according to its own clear and unambiguous terms. Cueto v. John Allmand Boats, Inc., 334 So.2d 30, 32 (Fla.3d DCA), cert. denied, 341 So.2d 290 (Fla. 1976).
The settlement and trust agreement in the case at bar is a model of clarity. Its express purpose was to resolve "all controversies pending or which could be raised in said lawsuit." Reading this together with the exact procedures set forth to register objections to the accountant's computations, we have no difficulty in agreeing with the trial court that appellant is bound by his silence. The April 28, 1978 accountant's report expressly notified appellant that the accountants "were also provided documentation to support a $27,750 disbursement by Jack Dorson on January 23, 1956 which has not been included in this report." Appellants' failure to file a timely objection to this report constituted a waiver of any claim for an amount greater than that which was specified in the report. Accordingly, the judgment of the trial court is affirmed.
MOORE, BERANEK and HURLEY, JJ., concur.