467 So.2d 1065 (1985)
Natividad SILVA, Appellant,
v.
Luis SILVA, Appellee.
No. 84-1450.
District Court of Appeal of Florida, Third District.
April 23, 1985.
George L. Cardet, Miami, for appellant.
Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel S. Perwin, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
SCHWARTZ, Chief Judge.
At a pretrial "status" conference, counsel for both parties in this dissolution action announced to the trial judge, without dictating its provisions into the record, that their clients had reached a settlement of the case. In the order under review, the trial judge concluded on disputed but substantial evidence that the parties had in fact orally agreed to the terms of a property settlement agreement and ordered its enforcement.[1] We affirm upon the conclusion that there is no cognizable basis upon which an agreement entered into under these circumstances may or should be refused effect. See Sockolof v. Eden Point North Condominium Ass'n, Inc., 421 So.2d 716 (Fla. 3d DCA 1982) (applying common law rule applicable under present Fla.R.Jud.Ad. 2.060(g) that oral settlement agreement is valid); Buskirk v. Suddath of South Florida, Inc., 400 So.2d 810 (Fla. 3d DCA 1981) (same); see generally, applying the rules that settlement agreements are favored, are not subject to repudiation, and may be enforced summarily, Mortgage Corp. of America v. Inland Construction Co., 463 So.2d 1196 (Fla. 3d DCA 1985); Lotspeich Co. v. Neogard Corp., 416 So.2d 1163 (Fla. 3d DCA 1982); Dorson v. Dorson, 393 So.2d 632 (Fla. 4th DCA 1981); Autera v. Robinson, 419 F.2d 1197, 1200-01 (D.C. Cir.1969), and cases collected; CIA Anon Venezolana de Navegacion v. Harris, 374 F.2d 33, 35 (5th Cir.1967), and cases collected.
Affirmed.
NOTES
[1] Cf. Cooke v. Cooke, 126 So.2d 160 (Fla. 3d DCA 1961) (trial court correctly declined to enforce oral agreement when court's express requirement for its reduction to writing was not fulfilled).