552 So.2d 1155 (1989)
Judith ROSKIND, Appellant,
v.
Joel ROSKIND, Appellee.
No. 89-673.
District Court of Appeal of Florida, Third District.
November 7, 1989.
Ruden, Barnett, McClosky, Smith, Schuster & Russell and Woodrow "Mac" Melvin, Jr. and Gill S. Freeman, Miami, and Lisa C. Reynolds, for appellant.
Andrew M. Leinoff, Coral Gables, Mark A. Gatica, Miami, for appellee.
Before BASKIN, FERGUSON and COPE, JJ.
PER CURIAM.
During a recess of a holiday trial[1] on the former husband's Petition for Dissolution of Marriage, the parties and their attorneys *1156 announced to the trial judge that they had reached a settlement. When the court reconvened, Dr. Joel Roskind's counsel dictated the agreement into the record.
Mrs. Roskind subsequently objected to the settlement and refused to sign it. Dr. Roskind filed a motion to enforce the settlement agreement. The court granted his motion and entered a final judgment dissolving the marriage, which incorporated the parties' on-the-record settlement. Mrs. Roskind appeals claiming that the settlement agreement was not intended to be final and could not be enforced because it was not in writing. There is no suggestion that the agreement was a product of fraud, overreaching, or mistake. We affirm.
A stipulation properly entered into the record, where there is a clear understanding of the finality of that agreement, is an effective and enforceable settlement notwithstanding that it is subject to reduction to a written document. See Silva v. Silva, 467 So.2d 1065 (Fla. 3d DCA 1985) (property settlement agreement announced at pretrial "status" conference was required to be enforced, although provisions were not dictated into the record at that time, where trial judge concluded on disputed, but substantial, evidence that parties had orally agreed to terms of a settlement); Sockolof v. Eden Point N. Condo. Ass'n, Inc., 421 So.2d 716 (Fla. 3d DCA 1982) (applying common-law rule applicable under present Florida Rule of Judicial Administration 2.060(g) that oral settlement agreement is valid).
The record is clear that after the terms of the agreement were read into the record, Mrs. Roskind affirmed her understanding and unequivocally agreed:
Q. You understood the agreement that I have dictated into the court record today?
A. Yes.
Q. You have had an opportunity to speak to your attorneys regarding this? Is that correct?
A. Correct.
Q. You understood all of the terms of the agreement?
A. Yes.
Q. You understand that this is going to be it and it all boils down to this stipulation?
A. I think so.
Q. Are you satisfied with the terms and conditions of the agreement?
A. Yes.
Q. Do you enter into this agreement freely and voluntarily?
A. Yes.
Q. Are you satisfied with the service of your accountant?
A. Yes.
Q. With the service of your attorneys?
A. Yes.
Q. Do you understand that you cannot come back in on alimony in the future?
A. Yes. What about child support?
MS. GREENE: That is different.
BY MR. LEINOFF:
Q. Do you have any question at all about the agreement?
A. No.
The trial court's order enforcing the settlement agreement is affirmed.
NOTES
[1] Although the courthouse was officially closed for the October 10, 1988, holiday, in observance of Columbus Day, the judge agreed to try the case on that date as an accommodation to the parties.