629 So.2d 909 (1993)
Elizabeth Ann COHEN, Appellant,
v.
Bernard COHEN, Appellee.
No. 92-2889.
District Court of Appeal of Florida, Fourth District.
December 1, 1993.
Motion for Rehearing or Clarification Denied February 2, 1994.
Andrew H. Boros, Miami, for appellant.
Shelley M. Mitchell, Fort Lauderdale, for appellee.
PARIENTE, Judge.
The wife appeals the trial court's failure to vacate a final judgment which incorporated the terms of an oral settlement agreement. We reverse, concluding that the oral agreement announced at a hearing was contingent on the production of the husband's income tax returns.
The couple married in 1983, and have four minor children ranging in age from five years to nine years. The wife never worked outside the home after the birth of their first child. The husband is a partner in the personal injury law firm of Cohen and Cohen, P.A. The husband's financial affidavit of October 22, 1991, showed that his gross income was $10,932 per month. Although this case commenced in 1991, financial discovery was limited initially to the husband's finances before the marriage because the parties first litigated the validity of an antenuptial agreement. The court overturned the antenuptial agreement finding that, "its disproportionate terms ... are sufficient to support as a matter of law undue influence and overreaching... ."
After the antenuptial agreement was overturned, the wife attempted discovery beginning in February 1992. As of July 1992, the *910 wife had not received the husband's income tax returns for the years 1987 through 1991, as evidenced by an order requiring the returns to be produced.
Before the time set for production of the income tax returns, the parties apparently reached a tentative property settlement agreement. The terms were set forth orally at a hearing on July 15, 1992, which was not noticed for that purpose. However, after advising the trial court that a tentative agreement had been reached and that a final written agreement would be submitted to the court, the court insisted that the terms of the settlement be read into the record.
Four days after the hearing, the husband produced his returns which disclosed that his 1991 gross income was $415,190, over three times the amount represented in his financial affidavit. Similarly, in the years 1987 through 1991, his gross income was also significantly higher than the representations made in his financial affidavit.[1] The wife immediately objected to the entry of final judgment, but the trial court entered final judgment based on the terms orally announced on July 15, 1992.
Although the husband contends that the wife waived her right to further financial discovery at the hearing and agreed to the terms of the property settlement agreement, the wife contends her agreement was predicated upon verification of the husband's actual earnings in the income tax returns. The husband does not dispute that he had not produced the income tax returns at the time of the July 15, 1992 hearing, and that he agreed to produce the returns subsequently.
At the hearing, the husband was asked directly by the trial court whether he had made full disclosure of his income or earning ability, and he swore under oath that he had made full disclosure. The wife certainly had every reason to assume that the husband's income tax returns would be consistent with his financial affidavit, in light of his representations at the hearing.
The wife first argues that the agreement was tentative because the terms were not reduced to writing. We specifically reject the wife's contention, and we expressly approve of oral settlement agreements announced in open court. See Roskind v. Roskind, 552 So.2d 1155 (Fla. 3d DCA 1989); Silva v. Silva, 467 So.2d 1065 (Fla. 3d DCA 1985). See also Loss v. Loss, 608 So.2d 39, 43 (Fla. 4th DCA 1992) (Farmer, J., dissenting). However, the circumstances here establish that the parties expected that the wife would obtain the returns after the July 15th hearing, and that fact supports the conclusion that the production was necessary to finalize the agreement. If the settlement were not contingent on the returns, why were they being produced only after the settlement had been reached.
The wife timely objected before the entry of the final judgment after she was presented with returns showing far greater income than the previous sworn representations of the husband, both in his financial affidavit and affirmed in open court. Compare Guerriero v. Schaub, 579 So.2d 370 (Fla. 4th DCA), rev. denied, 591 So.2d 181 (Fla. 1991). The trial court should not have entered final judgment over the wife's objections. While we applaud efforts of trial courts to encourage settlement by the parties, such efforts work only if the parties operate under the utmost of good faith and candor.
Although the wife protests only the rehabilitative alimony and child support provisions, she cannot selectively disavow certain provisions and require the husband to be bound by the remainder of the agreement. Therefore, the whole agreement must be set aside unless the parties choose to litigate only the portions providing for rehabilitative alimony and child support.
Accordingly, we reverse the final judgment and remand for further proceedings consistent herewith.
HERSEY, J., and WALDEN, JAMES H., Senior Judge, concur.
NOTES
[1] The gross income of the husband reported on the income tax returns was $415,190 in 1991, $144,300 in 1990, $435,000 in 1989, $554,857 in 1988 and $377,500 in 1987.