GREEN, Judge.
The former husband challenges the trial court’s enforcement of a settlement agreement with his former wife, the terms of which were dictated to a court reporter at a pretrial deposition and later incorporated into a proposed written settlement agreement which the former husband refused to sign. The former husband argues as his first point on appeal that since the terms of the settlement required him, among other things, to transfer real property to his former wife and pay her alimony over a period greater than one year, it was violative of the statute of frauds, section 725.01, Florida Statutes (1993). The former husband next argues that the trial court erred in ordering the *1258 former wife to be the primary residential parent of the parties’ minor child where this issue was not specifically addressed in the settlement agreement before the court reporter. For the reasons which follow, we find no error and affirm.
The parties were married for thirteen years and are the parents of one minor daughter. In February 1994, the former husband filed a petition for the dissolution of the marriage. In April and May of 1994, the parties appeared before a general master on three temporary relief motions, to wit: Wife’s Motion for Disposition of House; Wife’s Motion for Temporary Child Support, Attorneys’ and Accounting Fees and Court Costs; and Husband’s Emergency Motion to Require Consent of Both Parties or Order of Court Prior to Allowing the Child to Attend Therapy. The general master filed an amended report setting forth findings and recommendations in July 1994. Pertinent among such findings was that the parties had agreed or stipulated that the former wife was to be the primary residential parent of the minor child but parental responsibility was to be shared with the former husband. In the absence of any exceptions filed by any party, the trial court accepted the findings and recommendations of the general master in August 1994.
Thereafter, the parties progressed toward trial and various depositions were scheduled. At one such deposition scheduled for August 2, 1994, the parties decided to enter into a settlement agreement and to dictate some of the agreed upon terms into the record before the court reporter. Through their respective counsel, the parties prefaced the settlement by acknowledging on the record that although they anticipated drafting a written settlement agreement at a later date to include additional terms, both parties were in complete agreement with the terms to be dictated to the court reporter and that, with the exception of the issue of child support, none of these terms would later be subject to modification. Pursuant to this agreement, the former wife was to receive from the former husband, among other things, the following:
1) child support in the sum of $800 per month;
2) rehabilitative alimony in the sum of $800 per month for 60 months;
3) lump sum alimony of $25,000 payable in the sum of $2,500 before September 30, 1994, and $5,000 annually thereafter payable on June 15 until paid in full;
4) transfer of ownership of the former husbands interest in the marital residence as well as a townhouse owned by the former husband prior to the marriage;
5) attorneys’ fees in the sum of $10,000; and
6) various improvements to be made to the formal marital residence.
During their August 2, 1994 discussions, the parties never revisited their earlier agreement to have the wife serve as the primary residential parent of the minor. After the terms were dictated, each party was asked to acknowledge on the record that he or she fully understood and agreed to the terms of their own freewill and volition. Each party individually acknowledged the same on the record.
Thereafter, a transcript of the settlement agreement was made and executed by the certified court reporter/notary public. The parties advised the court that the case had been settled and requested that it be set for final hearing on the court’s uncontested calendar. In the interim, counsel for the parties prepared and exchanged drafts of proposed final settlement agreements which incorporated the terms previously agreed to by the parties on August 2, 1994 as well as a separate agreement regarding shared parental responsibility. The former husband refused to execute any of these written agreements.
When the former husband failed to adhere to the agreed upon terms, the former wife filed a Motion for Contempt and in the Alternative, to Compel Settlement. The former husband countered that he had assented to the terms of the agreement under duress and that the August 2,1994 agreement was unenforceable in the absence of a writing executed by him. The trial court conducted an evidentiary hearing on the Motion to Enforce Settlement Agreement. Among its findings, *1259 the trial court noted that the former husband had freely and voluntarily agreed to the terms outlined in the settlement transcript of August 2, 1994 in the absence of any duress and that the parties had additionally agreed that the former wife should be the primary residential parent of the minor child with the former husband having liberal visitation rights. Accordingly, the trial court granted the former wife’s motion to enforce the settlement agreement.
We conclude as did the court below, that this court’s decision of Roskind v. Ros-kind, 552 So.2d 1155 (Fla. 3d DCA 1989) is completely dispositive of the former husband’s first point on appeal. In that case, we held that an agreement entered into the record, where there was a clear understanding of its finality by the parties, was an effective and enforceable settlement of pending litigation notwithstanding that it was subject to being reduced to writing at a later time. Cfi Graves v. Graves, 649 So.2d 284 (Fla. 2d DCA 1995) (for family mediation, Florida Rule of Civil Procedure 1.740 requires written agreement signed by the parties; transcript cannot be used as a substitute). The appellant in Roskind, as does the appellant in this ease, argued that the settlement agreement dictated in the record was not intended to be final and could not be enforced because it was not in writing.[1] Roskind, 552 So.2d at 1156. Implicit in the Roskind decision, we think, was a recognition by this court that the written transcript of the settlement agreement executed by the certified court reporter/notary public sufficiently satisfied the requirements of the Statute of Frauds which provides in relevant part that:
No action shall be brought whereby to charge ... any person upon ... any contract for the sale of lands, tenements or hereditaments, ... or upon any agreement that is not to be performed within the space of 1 year from the making thereof ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized.
§ 725.01, Fla.Stat. (1993) (emphasis added). It cannot be disputed that both the parties and their respective counsel authorized a certified court reporter/notary public to record their agreed upon terms to the settlement and their voluntary assent to the same. The parties further authorized this same reporter to reduce such terms to a written transcript which was later executed and attested to by the reporter as being true and correct and filed with the court as part of this pending litigation. This, we think, adequately satisfied the statutory requirements to render the settlement of this litigation completely enforceable.
The trial court additionally found that the former husband had not met his burden of proving his claim that the settlement agreement was reached by means of duress so as to require the court to set the agreement aside. See McCallum v. McCallum, 577 So.2d 667 (Fla. 3d DCA), rev. denied, 587 So.2d 1328 (Fla.1991); Morris v. Morris, 481 So.2d 564 (Fla. 5th DCA 1986). We find that the record fully supports the court’s determination on this point and the court did not err in declining to set aside the agreement.
Finally, we find no merit to the former husband’s remaining point on appeal where the record clearly discloses that earlier in this dissolution proceeding the parties unequivocally agreed or stipulated to the court that the former wife was to be the primary residential parent of the minor child. “It is generally accepted that a stipulation between the parties may be treated as a partial settlement agreement which must not be disturbed unless found to be ambiguous or in need of clarification, modification or interpretation.” Bissell v. Bissell, 622 So.2d 532, 533 (Fla. 1st DCA 1993). Since the stipulation was clear, the trial court did not abuse its discretion in entering an order consistent with the stipulation.
Affirmed.

. The former husband’s assertion on appeal that Roskind is distinguishable from the instant case on the basis that the appellant in Roskind never challenged the settlement agreement on the basis of the statute of frauds is clearly erroneous.