SHAHOOD, J.
Ellen Cain appeals from an Order on Parties’ Petitions for Modification; she raises two'issues- on appeal. We affirm the second issue, holding that the trial court did not err in terminating appellant’s exclusive use and occupancy of the former marital home due to her marriage in 1994.
We reverse, however, as to the first issue raised. We hold that the trial court erred when it ruled that the parties’ settlement agreement was not an agreement because it was subject to being reduced to writing.
The parties’ marriage was dissolved by final judgment dated June 4, 1993, which incorporated the parties’ marital settlement agreement. The settlement agreement provided for shared parental responsibility of the parties’ three children, two of whom were still minors, with the wife being the primary residential parent. The wife was awarded the right to exclusive occupancy of the marital home until such time as she vacated the home, sold it by agreement with the husband, or died, remarried or cohabitated with another person other than the children. In October 1994, the wife remarried, but she did not vacate the home.
Five years later, on April 21, 1999, the husband filed a petition to modify child support and enforce the final judgment regarding sale of the marital home. He sought a downward modification of his child support obligation as well as an order directing the wife to immediately vacate the home and authorize the parties to sell it. The wife answered the petition asserting that due to the husband’s failure to pay child support during the previous five years, resulting in an arrearage totaling thousands of dollars, she was unable' to maintain the home and had to borrow money to keep the mortgage current.
In December 1999, the parties reached an agreement whereby the husband agreed to transfer the marital residence to the wife in exchange for his child support being current through May 2005. This *551 agreement was referenced and incorporated in the report of the Domestic Relations Commissioner, dated January 27, 2000, and accepted by the trial court’s agreed order filed on January 28, 2000.
By September 2001, the petitions for modification still had not been set for hearing. As a result, the trial court entered an Order to Move Case and Order of Dismissal notifying the parties that the case would be dismissed if the husband did not move the case forward within thirty days. Thereafter, the husband set the case for a non-jury trial, which ultimately took place on August 27, 2002, three and one half years after the filing of the initial pleading.
Prior to trial, the husband filed a Supplemental Petition for Modification of Child Support and Enforcement of Final Judgment re: Sale of Marital Home. He sought a downward departure of his child support obligation due to the fact that he was on permanent disability. He again sought to have the wife vacate the home and have it sold due to her marriage to her husband. The wife responded that the husband was in arrears with his child support and had unclean hands.
At the hearing before a commissioner, the wife’s counsel argued that the parties had previously reached an agreement which rendered further proceedings on the pending motions unnecessary. The husband’s counsel argued that any alleged agreement was outside the scope of the pleadings, and objected to entry of evidence of an agreement. The husband testified that he was not aware of an agreement reached in December 1999, and stated that he had refused to sign papers that had been sent to him, finding them to be unfair.
The commissioner would not allow the wife’s attorney to question the husband about an $8,000 credit in child support arrears that had been granted to him by the clerk’s office, pursuant to the purported agreement. The commissioner said that the agreed order of January 28, 2000, and the judgment of delinquency that the clerk’s office rescinded in March 2000 were of no effect because they referenced an agreement that did not exist. The commissioner said that “any arrears that were not resolved by an agreement that never happened would still be owed,” and suggested that the wife’s counsel ask the clerk’s office to reinstate the judgment of delinquency.
At the conclusion of the hearing, the commissioner allowed the wife’s counsel to proffer evidence of a December 1999 agreement between the parties. He proffered evidence that the husband actually accepted the benefit of the agreement by having his driver’s license reinstated and, in fact, relied upon the two agreed orders to get the hearing on his driver’s license suspension cancelled. Again, in March 2000, the husband relied upon the agreement in accepting an $8,000 credit toward retroactive child support. At no time did the husband ever contest the agreement or seek to rescind it.
Upon receipt of the commissioner’s report, the trial court entered an order accepting the commissioner’s recommendations and denying both the husband’s petition for modification as well as the wife’s counter petition for modification. The court did, however, grant the husband’s petition for enforcement of the final judgment and sale of the home, and ordered the parties to follow the procedure set forth in the marital settlement agreement for the sale of the marital residence.
On review the evidence clearly shows that the parties reached a settlement in December 1999 and that the settlement was incorporated in both the commission *552 er’s report and the trial court’s order adopting the commissioner’s recommendation. Moreover, in the three years following the entry of the orders, both parties accepted the benefit of the agreement. For the husband’s part, he did not dispute the court clerk’s decision to dismiss the judgment of child support delinquency or the state’s decision to reinstate his driver’s license, which had been suspended because of the back child support owed. Further, he made no effort in three years to set his petition for modification for hearing until the trial court noticed that it would be sua sponte dismissed. The husband’s argument that there was no agreement because it was not reduced to writing is unpersuasive.
Under similar facts, this court has.rejected the same argument. See Cohen v. Cohen, 629 So.2d 909 (Fla. 4th DCA 1993); see also Farrell v. Farrell, 661 So.2d 1257, 1259 (Fla. 3d DCA 1995); Loss v. Loss, 608 So.2d 39, 43 (Fla. 4th DCA 1992); Roskind v. Roskind, 552 So.2d 1155, 1156 (Fla. 3d DCA 1989) (holding that “[a] stipulation properly entered into the record, where there is a clear understanding of the finality of that agreement, is an effective and enforceable settlement notwithstanding that it is subject to reduction to a written document”); Silva v. Silva, 467 So.2d 1065 (Fla. 3d DCA 1985) (property settlement agreement announced at pretrial status conference was required to be enforced, although provisions were not dictated into the record at that time, where trial judge concluded on disputed, but substantial, evidence that parties had orally agreed to terms of a settlement).
In this case, the commissioner refused to hear the wife’s evidence of a settlement agreement, stating- that it was irrelevant because there was no written agreement. The wife was allowed only to proffer .such evidence at the conclusion of the hearing. With at least two court orders mentioning the agreement as well as reference to such an- agreement in various other pleadings, the trial court committed error in refusing to admit the evidence. The commissioner should have given deference to the two prior court orders which approved the agreement, and heard evidence to determine the exact terms of the agreement since those issues appeared to have been disputed. See, e.g., Eaton v. Eaton, 238 So.2d 166, 168 (Fla. 4th DCA 1970) (holdr ing that once the parties’ separation agreement was approved by the court and, by reference, expressly made a part of the final decree of divorce,, the provisions of the agreement were “no longer merely in the status of an agreement of the parties, but bec[a]me elevated to the dignity and effect of a court decree”).
Based on the foregoing we reverse and remand for a hearing for the court to determine the terms of the agreement and to enter an order enforcing those terms.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
POLEN and STEVENSON, JJ., concur.