MAY, C.J.
The former husband appeals a final judgment of dissolution. He argues the final judgment fails to accurately reflect a settlement agreement reached between the parties and pronounced on the record. Specifically, he argues error in the trial court’s failure to impute income to the former wife in determining alimony and child support, in the distribution of proceeds from the sale of the former marital residence, and the requirement of life insurance to cover alimony and child support. We affirm the alimony award in part and the life insurance, but reverse the child support award and the distribution of proceeds from the sale of the marital residence. We remand the case to the trial court to correct the final judgment to reflect the settlement agreement as it concerns child support and distribution of the proceeds from the sale of the marital residence.
The parties were married and had three children. The former wife filed a petition for dissolution of the marriage. During a break in the trial court proceedings, the parties reached an amicable settlement agreement. The former wife’s counsel recited the stipulated settlement agreement on the record. The agreement contemplated that the marital home would be sold after the oldest child graduated from high school the following year.
The relevant portions of the agreement are as follows:
FORMER WIFE’S COUNSEL: With respect to the marital residence, it’s going to be put on the market as soon as possible. [The former husband’s counsel] and I will work out the language in the event the parties are unable to agree on the listing Realtor or the listing price.
[[Image here]]
We have agreed that, until the house is sold, the [former] husband will continue to pay all of the expenses that he has been paying, plus the $660 per pay period as he has been doing; but that once the house is sold, he will pay $1,000 in alimony and whatever the child support for two children will be. And we’ll have to calculate that. Whatever that total is, he will pay.
THE COURT: He will pay all of that in — consistent with his pay periods, how he gets paid?
FORMER WIFE’S COUNSEL: Correct.
THE COURT: Whether it’s bimonthly or however he gets paid?
FORMER WIFE’S COUNSEL: Correct. And by income deduction order.
We have agreed that [the] condominium is worth $62,500. And the wife is to receive one half of that off the top of the proceeds from the sale of the marital residence.
So Chris Link will be paid first, his $5,000 and change .... then [the former *900 husband’s counsel] receives — how much, [former husband’s counsel]?
FORMER HUSBAND’S COUNSEL: $10,000.
FORMER WIFE’S COUNSEL: $10,000 off the top from the sale. My fees and costs are $50,346.21, from the top of the sale proceeds.
[[Image here]]
THE COURT: And to clarify, Mr. Link’s fee amount is $5,240.99.
FORMER WIFE’S COUNSEL: Thank you.
[[Image here]]
We’ll determine the child support based on two children.
(Emphasis added).
The trial court instructed the attorneys to mail a proposed final judgment reflecting the agreement. The former wife’s attorney sent a letter to the trial court enclosing a proposed final judgment. The letter indicated that the attorneys had met and drafted the proposed final judgment, but that some minor revisions were needed. The former wife also moved for entry of a final judgment, explaining that the former husband had fired his attorney and hired new counsel, but there had been no substitution of counsel entered. The motion alternatively requested a two-day final hearing to “bifurcate the divorce thereby dissolving the marriage of the parties” if the trial court was not inclined to enter the proposed final judgment.
At a hearing approximately two weeks later, the former husband’s new attorney argued that the proposed final judgment did not reflect the parties’ stipulated settlement agreement. The trial court advised the attorneys that it intended to enter a final judgment in accordance with the settlement agreement, and emphasized that the hearing was not an opportunity for the parties to “renegotiate what they may have agreed to.”
The former husband’s counsel disagreed with the proposed final judgment as it related to alimony and child support. The trial court asked the former husband’s counsel to submit a proposed final judgment; counsel agreed to do so. The former husband’s counsel did so three days later, attaching a letter objecting to the former wife’s proposed final judgment as inconsistent with the parties’ stipulated settlement agreement.
The trial court adopted the former wife’s proposed final judgment without change. The former husband moved for rehearing, raising the same objections concerning alimony and child support, and adding that the judgment failed to accurately address the distribution of proceeds from the sale of the marital home. The trial court denied the motion, resulting in this appeal.
On appeal, the former husband continues to argue error in the inconsistency between the final judgment and the settlement agreement. He further argues that the trial court failed to make findings of fact to support its alimony and child support awards, erred in the distribution of the proceeds from the sale of the marital home, and erred in requiring that the former husband maintain life insurance. No answer brief has been filed.
“An award of alimony will usually not be reversed on appeal absent an abuse of discretion.” Ondrejack v. Ondrejack, 839 So.2d 867, 870 (Fla. 4th DCA 2003) (citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980)). We similarly review child support awards for an abuse of discretion. McKenna v. McKenna, 31 So.3d 890, 891 (Fla. 4th DCA 2010).
“Florida courts do not take lightly agreements made by husband and wife concerning spousal support.... [And it is the] well-established policy in Florida that settlement agreements are highly favored *901 in the law.” Griffith v. Griffith, 860 So.2d 1069, 1078 (Fla. 1st DCA 2003) (citing Dorson v. Dorson, 393 So.2d 632, 633 (Fla. 4th DCA 1981)). “ ‘[T]he fact that one party to the agreement apparently made a bad bargain is not a sufficient ground, by itself, to vacate or modify a settlement agreement.’ ” Id. (alteration in original) (quoting Casto v. Casto, 508 So.2d 330, 334 (Fla.1987)).
 Here, the parties began the dissolution proceeding only to promptly reach a settlement agreement.[1] The trial court then had the former wife’s counsel recite the agreement on the record. The trial court asked each party whether they had discussed the terms with their lawyer and had all of their questions answered. Both parties responded in the affirmative. The trial court then requested the parties to collaboratively submit a proposed final judgment.
Both lawyers jointly drafted the proposed judgment; the former wife’s counsel submitted it to the trial court. After the proposed judgment had been prepared, but before its submission to the trial court, the former husband consulted a new attorney, and apparently no longer agreed to all the terms. We have reviewed both the transcript and the final judgment and find them to be consistent with regard to the alimony award in some respects. The settlement agreement provides for durational alimony in the amount of one thousand dollars per month, but did not specify that it would continue for ten years. Accordingly, we affirm the alimony award of one thousand dollars per month, but remand for a determination of the length of the alimony award. On remand, the parties can stipulate to a period of ten years, or the trial court can make findings consistent with section 61.08, Florida Statutes (2009).
The child support award, however, was to be agreed upon subsequently, but the record does not reflect a meeting of the minds on this award. The former husband specifically objected to this award and the trial court’s failure to impute income to the wife for purposes of calculating the award. The pronouncement of the agreement reflects that child support would be based upon two children. Yet, the final judgment encompasses three children. It is inconsistent with the announced settlement agreement. We therefore reverse and remand the case for the trial court’s determination of child support, at which time the trial court may consider or impute income to the former wife, if appropriate. See, e.g., Shrove v. Shrove, 724 So.2d 679, 682 (Fla. 4th DCA 1999) (“For purposes of child support, the trial court must impute income to a voluntarily unemployed or underemployed parent unless the lack of employment is the result of the spouse’s physical incapacity or other circumstances beyond the parent’s control.”).
We also find an inconsistency in the payment of attorneys’ fees from the distribution of proceeds from the sale of the marital home. The settlement agreement provided that both parties’ attorneys’ fees would be paid from the proceeds of the sale of the house “off the top.” However, the written final judgment places responsi *902 bility for the payment of the former husband’s attorneys’ fees solely on the former husband. We therefore reverse that part of the final judgment and remand the case to the trial court to correct the judgment to reflect the terms of the settlement agreement.
We do find reference to life insurance in the pronounced settlement agreement. We therefore find no error in the requirement of life insurance.
We reverse that part of the final judgment as it concerns the duration of the alimony award, the entire child support award, and the distribution of proceeds from the sale of the marital home. We affirm in all other respects. We remand the case to the trial court for correction of the final judgment.

Affirmed in part, Reversed in part, and Remanded.

HAZOURI and GERBER, JJ., concur.

. The former husband repeatedly argues that the trial court failed to make the appropriate findings with respect to child support and alimony; however, these findings are not required when the parties enter into a settlement agreement. Because " ‘[a] marital settlement agreement ... which is entered before the dissolution of marriage is binding upon the parties,' ” the ordinarily necessary findings are preempted by the parties’ agreement. Griffith, 860 So.2d at 1073 (quoting Dowie v. Dowie, 668 So.2d 290, 292 (Fla. 1st DCA 1996)).