DAVIS, Judge.
Marie Golino Bazzel, the Former Wife, challenges the final judgment of dissolution of her marriage to David W. Bazzel, the Former Husband. The Former Wife challenges (1) the trial court’s time-sharing plan, which allowed the Former Husband 60% of the time with the parties’ minor children, (2) the trial court’s denial of the Former Wife’s request to call the parties’ eleven-year-old son as a witness, (3) the trial court’s distribution of the parties’ stock investment, (4) the trial court’s characterization of certain credit card debt as the Former Wife’s nonmarital debt, and (5) the trial court’s calculation of child support which required the Former Wife to pay child support to the Former Husband. Because the trial court’s child support calculation is not supported by the record, we reverse that portion of the final judgment and remand for the trial court to recalculate child support. We affirm the remainder of the final judgment without comment.
The Former Wife petitioned for the dissolution of the parties’ fifteen-year marriage in June 2009. During the litigation the trial court awarded the Former Wife $750 per month in temporary alimony. In the final judgment, the trial court awarded the Former Wife $1300 per month in dura-tional alimony. The trial court also found that the Former Wife had a monthly income of $300. Combining the durational alimony award and her monthly income, the court used the figure of $1600 a month as the Former Wife’s income for purposes of calculating child support.
The trial court further determined that the Former Husband had a net monthly income of $3500 a month after deducting the $1300 awarded as durational support. This would suggest that the trial court found the Former Husband’s monthly income to be $4800 prior to the deduction of the court ordered support. However, such figure is not supported by the record.
Both parties submitted to the trial court child support guidelines worksheets, and neither party used this figure as the Former Husband’s income. At trial, the Former Husband testified to the accuracy of the information contained in his amended financial affidavit. This document showed the Former Husband’s monthly income to be $4753 after deducting the $750 in temporary alimony ordered by the court or *1252 $5503 prior to paying any alimony ($4758 4- $750). When this amount is reduced by the $1300 monthly durational alimony payment, the Former Husband’s income for child support purposes is $4203. Accordingly, the trial court abused its discretion in establishing the incomes of the parties for the purpose of calculating child support. See Zinovoy v. Zinovoy, 50 So.3d 763, 768 (Fla. 2d DCA 2010) (“It is the function of the appellate court to determine whether the trial court’s judgment is supported by competent evidence, and when the trial court’s factual findings do not substantially comport with undisputed evidence in critical areas a per se abuse of discretion has occurred.”); see generally Chovan v. Chovan, 90 So.3d 898, 900 (Fla. 4th DCA 2012) (noting that appellate courts “review child support awards for an abuse of discretion”).
Additionally, the trial court abused its discretion in requiring the Former Wife to pay the Former Husband the percentage of the total support reflected by the guidelines as attributable to her even though she was to have the children 40% of the time. That is, by the final judgment, the Former Husband would have the benefit of 100% of the child support to provide for the children only 60% of the time and the Former Wife would have no support in providing for the children while she had them 40% of the time. This error is exacerbated by the fact that the Former Wife’s monthly income was only $1600 pri- or to paying child support, while the Former Husband’s monthly income prior to any child support consideration was $4203.
Although the Former Husband attempts on appeal to explain factors the trial court may have considered in deciding to order the Former Wife to pay child support to the Former Husband, the factors suggested are not. properly considered in determining child support.[1]
Accordingly, we reverse the trial court’s award of child support and remand for the trial court to recalculate the child support award. We affirm the final judgment in all other aspects.
Affirmed in part, reversed in part, and remanded with instructions.
NORTHCUTT and KELLY, JJ„ Concur.

. The Former Husband suggested that the Former Wife's failure to pay any child support during the pendency of the litigation and the Former Wife's failure to obtain a full-time job as instructed by the trial court early in the proceedings may have influenced the trial court’s ruling.