MAY, C.J.
In this pro se appeal, the former husband challenges a Final Judgment of Dissolution of Marriage that incorporated a marital settlement agreement (“MSA”). He raises four issues on appeal. We have reviewed the MSA and the Final Judgment, and find no error. We affirm.
The former wife filed a Petition for Dissolution of Marriage seeking child support and alimony. The parties attended mediation, but could not reach an agreement. Subsequently, the parties entered into an MSA'. The former wife then moved for: (1) a final judgment of dissolution of marriage; (2) an order directing compliance with the MSA; and (3) attorney’s fees. The former husband filed a motion in opposition, arguing that although he would continue to pay child support, he was unable to pay alimony because: (1) the former wife had misrepresented her actual financial condition; and (2) the former husband had experienced a substantial change in circumstances.
The former husband also moved to compel the production of several of the former wife’s financial documents. The trial court ordered a specially-set status hearing. The former wife moved to reschedule or cancel the status conference. The trial court issued an order stating:
1. The hearing now scheduled for February 8, 2012 on the Wife’s Verified Motion for Final Judgment of Dissolution of Marriage, an Order Directing Compliance with the Marital Settlement Agreement and for Attorney’s Fees shall proceed. If the court determines that the case cannot be finalized at that hearing, the hearing shall proceed as a temporary relief hearing.
2. The status conference scheduled for February 17, 2012 shall be cancelled.
The trial court then entered a Final Judgment of Dissolution of Marriage, approving the MSA and incorporating it by reference. The trial court found that the former husband had not complied with the terms of the MSA by failing to pay the agreed-upon amounts of alimony and child support, and determined the arrearages. At the end of the Final Judgment, a handwritten note instructs the former husband to make any arguments concerning substantial change in circumstances through an “appropriate petition to modify.”
The former husband filed a Petition to Modify Court Ordered Alimony and Attorney’s Fees and for a Rehearing. He explained that he had lost his job and was currently unemployed. He argued that he had only $500 in assets, and was unable to pay the amounts set forth in the Final *739 Judgment. The trial court denied the motion, treating it as a Motion for Rehearing.
The former husband filed another Petition for Modification, and argued that a substantial change in his income rendered him unable to pay the alimony agreed upon in the MSA. The record does not include a final order on this petition. The former husband appeals the Final Judgment of Dissolution of Marriage.
On appeal, the former husband makes four arguments: (1) the trial court erred by ordering an evidentiary hearing without first finding that the case was ready for trial; (2) the trial court abused its discretion in denying his Petitions to Modify; (3) the trial court improperly neglected to rule on his motions to compel; and (4) the trial court abused its discretion by improperly setting forth a lump sum of arrearages in its Final Judgment without stating the exact amount he owed in past-due child support and what amount he owed in past-due alimony.
Alimony and child support awards are reviewed for an abuse of discretion. Chovan v. Chovan, 90 So.3d 898, 900 (Fla. 4th DCA 2012).
Pursuant to the MSA, the former husband must pay durational alimony for a period of five years in the amount of $1,875 per month with a direct income deduction order of $865.38 every pay period. He must also pay $600 per month in child support with a direct income deduction order of $276.92 per pay period.
The trial court found the former husband to be $8,821.10 in arrears from October 30, 2011 to February 10, 2012. He was ordered to pay that amount in sixty days. The trial court further ordered him pay $1,142.30 in combined alimony and child support every other week. This sum accurately reflects the child support and alimony sums ordered to be deducted on each pay period under the MSA.
We therefore affirm the Final Judgment, but note that our opinion does not preclude the former husband from proceeding on his pending Petition for Modification, which had not been considered by the trial court at the time he appealed the Final Judgment.

Affirmed.

TAYLOR and GERBER, JJ., concur.