DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LISA BELL,**
Appellant,

v.

**ZACHARY BROCH,**
Appellee.

No. 4D16-3563

[November 1, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John L. Phillips, Judge; L.T. Case No. 50-2015-DR-009036-XXXX-NB.

Lisa Bell, Palm Beach Gardens, pro se.

Gary D. Weiner and Scott M. Weiss of Weiner & Weiss, LLC, Boca Raton, for appellee.

**ON MOTION FOR REHEARING**

PER CURIAM.

We deny appellee's motion for rehearing, but withdraw our previous opinion and substitute the following in its place.

The wife appeals a final judgment of dissolution of marriage, raising multiple issues on appeal. We affirm without discussion all issues except one. We find merit in the wife's challenge to child support awarded to the husband and, as such, we reverse on that issue.[1]

The parties were married in 2001 and had two children. Following a petition for dissolution of marriage, the parties entered into a Partial

---

[1] The wife also raises an issue with respect to her motion for contempt of alimony. Because this concerns matters that occurred after the amended final judgment, this court is without jurisdiction to consider this issue. *See* Fla. R. App. P. 9.110(h); *Lauderdale Marine Ctr., Ltd. v. MYD Marine Distribs., Inc.*, 31 So. 3d 256, 257 (Fla. 4th DCA 2010).

Mediated Marital Settlement Agreement ("MSA"), which decided all matters except for child support, timesharing, and the parenting plan. In the MSA, the parties stipulated that for purposes of calculating child support, the husband's gross income is "$22,805 monthly" and "the Wife's income shall be imputed at zero until September 1, 2018 and thereafter at $27,500 yearly." The wife's financial affidavit introduced into evidence at trial also showed the wife had no income and had been a homemaker for fifteen years. The trial court entered a final judgment of dissolution of marriage adopting and incorporating the MSA and awarding 100 percent of the timesharing to the husband. The order dissolving the marriage did not decide the issue of child support. The wife filed a notice of appeal. A few months later, the trial court issued an amended final judgment ordering the wife to pay $1,941 per month in child support.

The wife challenges the trial court's award of child support because it is in conflict with the MSA. The husband argues that this court does not have jurisdiction over the child support order because it was entered after the wife filed a notice of appeal. We find that the wife's notice of appeal was premature. The order dissolving the parties' marriage was not a final judgment because it did not decide the issue of child support. *See Wilson v. Wilson*, 906 So. 2d 356, 357 (Fla. 1st DCA 2005) (holding that an order dissolving marriage but reserving jurisdiction over child support is not final). However, jurisdiction vested in this court upon the trial court's issuance of the amended final judgment which resolved the issue of child support. *See* Fla. R. App. P. 9.110(*l*). Therefore, the issue of child support is properly before this court.

Because the wife prematurely appealed, the record does not include all matters occurring between the order dissolving the marriage and the amended final judgment. Despite an inadequate record, "when the error appears on the face of the judgment, it should be corrected." *Larocka v. Larocka*, 43 So. 3d 911, 913 (Fla. 5th DCA 2010). *See also Kanter v. Kanter*, 850 So. 2d 682, 684 (Fla. 4th DCA 2003) ("[A]n appellate court may reverse an order or judgment even in the absence of an adequate record where such order or judgment is fundamentally erroneous on its face."); *McCants-Collie v. Collie*, 909 So. 2d 360, 360-61 (Fla. 4th DCA 2005) (reversing error apparent on the face of the record in calculating child support).

The trial court's award of $1,941 per month in child support to the husband is error on the face of the judgment because it is in conflict with the terms of the MSA. In arriving at this figure, the trial court used a child support guidelines worksheet which listed the wife's net monthly income as $7,302. This was contrary to the MSA, wherein the parties stipulated

that for purposes of calculating child support, "the Wife's income shall be imputed at zero until September 1, 2018 and thereafter at $27,500 <u>yearly</u>."

A marital settlement agreement as to child support is binding on the parties, subject to the court's review that it is in the best interests of the children. *Chovan v. Chovan*, 90 So. 3d 898, 901 n.1 (Fla. 4th DCA 2012); *Feliciano v. Feliciano*, 674 So. 2d 937 (Fla. 4th DCA 1996). *See also Armstrong v. Armstrong*, 623 So. 2d 1216, 1217 (Fla. 4th DCA 1993) (holding that a pretrial stipulation as to the parties' relative incomes is binding upon the parties and the court). The MSA became binding when the trial court adopted and incorporated the MSA into the order dissolving the marriage. *See* Fla. Fam. L. R. P. 12.740(f)(2).

In light of the foregoing, and based on the record before us, the child support guidelines worksheet and the amended final judgment ordering the wife to pay $1,941 per month in child support appear to be in conflict with the terms of the MSA. Accordingly, we reverse and remand for the trial court to resolve the apparent conflict and, if necessary, recalculate the wife's child support obligation. *See McCants-Collie*, 909 So. 2d at 360 (finding error on the face of the record where the trial court found the husband's income to be $5,577 but the child support guidelines worksheet reflected an income of $577); *Chovan*, 90 So. 3d at 898 (reversing where settlement agreement stated child support would be based on two children, but final judgment encompassed three children); *Griffith v. Griffith*, 860 So. 2d 1069 (Fla. 1st DCA 2003) (reversing where final judgment disregarded parties' settlement agreement concerning child support). We affirm the remaining issues.

*Affirmed in part, reversed in part, and remanded.*

WARNER, DAMOORGIAN and LEVINE, concur.