DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM VAUGHN,**
Appellant,

v.

**MEGHAN VAUGHN,**
Appellee.

No. 4D17-2895

[July 25, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Michael J. McNicholas, Judge; L.T. Case No. 16-649 DR.

Michael Rebuck of Michael Todd Rebuck, P.A., Palm City, for appellant.

Karen O'Brien Steger and Lori I. Steger of Steger Law, Stuart, for appellee.

PER CURIAM.

The former husband appeals a final judgment of dissolution of marriage and equitable dissolution of marital assets. Because the trial court failed to make statutorily required factual findings in support of its distribution scheme, it erred as a matter of law.[1] *See Callwood v. Callwood*, 221 So. 3d 1198, 1201 (Fla. 4th DCA 2017). Therefore, we reverse.

Section 61.075(3), Florida Statutes (2017), which governs the instant dispute, requires that "any distribution of marital liabilities . . . be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in subsection (1)." That section also requires specific written findings with regard to "any other findings necessary to advise the parties or the reviewing court of the trial court's rationale" for its distribution. § 61.075(3)(d), Fla. Stat.

Here, the trial court failed to make the requisite section 61.075(3)(d)

---

[1] Further, the trial court failed to make these findings even though the former husband generally requested such findings in his motion for rehearing.

findings and did not refer to the section 61.075(1) factors in its final judgment as required by the statute. Instead, its final judgment included only a general conclusory statement that certain items were determined to be marital and others non-marital. Most of the contested assets were not specifically discussed, nor was the evidence supporting distribution identified so as to "advise the parties or the reviewing court" of the basis for the distribution. *See* § 61.075(3)(d), Fla. Stat.

Reversible error occurs where "the equitable distribution in the final judgment is not supported by factual findings with reference to the factors listed in section 61.075(1), as required by section 61.075(3) when 'a stipulation and agreement has not been entered and filed.'" *Richardson v. Knight*, 197 So. 3d 143, 146 (Fla. 4th DCA 2016) (quoting § 61.075(3), Fla. Stat.). We therefore reverse and remand for the trial court to incorporate the requisite factual findings into its final judgment.

*Reversed and remanded with instructions.*

DAMOORGIAN, LEVINE and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2