DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RONALD FRENKEL,**
Appellant,

v.

**PAULA COSTA,**
Appellee.

No. 4D19-1841

[October 7, 2020]

Appeal of nonfinal order from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Michael J. McNicholas, Judge; L.T. Case No. 17-DR-0000946.

Robin Bresky and Jonathan Mann of the Law Offices of Robin Bresky, Boca Raton, for appellant.

John N. Bogdanoff and Christopher V. Carlyle of The Carlyle Appellate Law Firm, Orlando, for appellee.

PER CURIAM.

Robert Frenkel ("husband") appeals the trial court's order denying his motion to set aside an oral marital settlement agreement ("MSA") reached during a temporary relief hearing in the underlying divorce action. Because the trial court failed to follow the dictates of *Richardson v. Knight*, 197 So. 3d 143 (Fla. 4th DCA 2016), we reverse.

During the hearing on Paula Costa's ("wife") motion for temporary relief, wife's attorney requested a short break because the parties had been exploring a "comprehensive global settlement." The parties returned more than an hour later, indicating that they had reached an agreement. Some terms of the agreement were read into the record, while the disposition of other issues and assets were negotiated on the record. Wife's attorney represented that she wrote most of the agreement but needed to add the "finishing touches" in light of the most recent input.

Thereafter, the trial court confirmed with the parties individually that they agreed to the terms and provisions of the settlement as discussed

during the hearing and that their agreements were voluntary and not coerced. The trial court did not, however, specifically ask the parties if they discussed all the terms of the agreement with their attorneys or if they had the opportunity to do so.

Wife later moved to enforce the oral MSA and husband filed a competing motion to set aside the oral MSA. Both parties relied on our holding in *Richardson* in support of their respective motions. Following a hearing before the same trial judge who presided over the hearing during which the oral agreement was announced, the trial judge determined the oral MSA was enforceable and denied husband's motion. In its order, the trial judge took "judicial notice that, while on the bench, the Court observed each party consulting with their attorneys during the recitation of the Agreement." This appeal follows.

In *Richardson*, we held that for an oral MSA to be valid and enforceable, the trial judge must engage in a two-part inquiry. 197 So. 3d at 145. First, "the trial judge must obtain clear and unequivocal assent to the MSA from each party on the record." *Id.* Second, the trial judge must "confirm that each party has discussed the MSA with their attorney and fully understands the terms." *Id.*; *see also Loss v. Loss*, 608 So. 2d 39, 43 (Fla. 4th DCA 1992) (reiterating the importance of setting forth, on the record, all the terms of an oral settlement agreement and the parties' affirmative assent thereto, "particularly in the complexities of domestic relations litigation").

In the present case, although the trial court did obtain clear and unequivocal assent to the MSA from each party, it failed to conduct the second part of the inquiry and confirm whether each party consulted with their respective attorneys or had the opportunity to do so. *Cf. Roskind v. Roskind*, 552 So. 2d 1155, 1156 (Fla. 3d DCA 1989) (upholding an oral settlement agreement where the wife was specifically asked whether she "had an opportunity to speak to your attorneys regarding this [agreement]"). The fact that the trial court later took judicial notice that it observed each party consulting with their attorneys during the recitation of the agreement did not serve to remedy this defect. This is especially true considering a review of the transcript from that hearing reveals husband spent most of the time speaking with his accountant, not with his attorney.

We recognize that the inquiry required by the trial court on a settlement for temporary relief need not meet the same requirements as those for an oral MSA, or be as stringent as a plea colloquy in a criminal case. *See* Fla. R. Crim. P. 3.172. However, as we expressed in *Richardson*, precedent

2

requires the dual inquiries outlined above. 197 So. 3d at 144–45 (citing *Chovan v. Chovan*, 90 So. 3d 898, 900-01 (Fla. 4th DCA 2012); *Loss*, 608 So. 2d at 46 n.1; *Roskind*, 552 So. 2d at 1155-56). This is particularly important in a case such as this one where the parties appeared before the trial court for a temporary relief hearing, generally not a point where they would anticipate complete settlement of the case.

We therefore reverse this matter and remand the case for further proceedings.

*Reversed and remanded.*

DAMOORGIAN, CIKLIN and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***